John Michael ENARD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–88–00259–CR,
C14–88–00123–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 5, 1989.

Stanley G. Schneider, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant was charged by separate indictments with aggravated kidnapping (466,285) and aggravated sexual assault (466,286). After appellant entered pleas of guilty, the court assessed punishment at seventy-five years' confinement on each charge. On appeal, appellant maintains that his guilty pleas were involuntary because they were based on erroneous advice of his trial counsel. In addition, he argues the trial judge erred in not granting him a new trial and contends his defense attorney rendered ineffective assistance of counsel. We affirm.

The record reflects that appellant plead guilty to both charges without an agreed recommendation on punishment. The trial court found sufficient evidence of guilt and ordered a presentence investigation report and a psychiatric evaluation. According to the presentence investigation, appellant abducted a female at gunpoint and took her to a residence where she was sexually assaulted. The victim was then driven a short distance and again sexually assaulted by appellant. Several days later, appellant abducted another female who escaped before being assaulted.

After the presentence investigation, the trial court found appellant guilty of aggravated sexual assault and aggravated kidnapping. The judge sentenced him to seventy-five years' confinement on each charge after appellant plead "true" to an enhancement paragraph.

In his first point of error, appellant complains that his plea of guilty was invol-

untary because it was based on his attorney's erroneous advice. Specifically, he claims that his attorney:

> advised me that he felt that a plea of guilty without a recommendation [sic] that Judge Love would assess punishment between 25 and 30 years. Based on that advice and his recommendation that the jury would assess a life sentence[,] I entered my plea.

We are unpersuaded that appellant's pleas were involuntary. A guilty plea is a matter of trial strategy. Defense counsel's unsuccessful strategy in advising a client to plead guilty will not render the plea unknowing or involuntary even though the defendant is sentenced to a greater sentence than expected. *West v. State,* 702 S.W.2d 629 (Tex.Crim.App.1986). In addition, the documents captioned "Waiver of Constitutional Rights," "Agreement to Stipulate," and "Judicial Confession" reflect that the appellant entered his pleas of guilty voluntarily. Finally, the trial court admonished the appellant as to the applicable range of punishment and his sentences were within that range. We overrule appellant's first point of error.

■ In his second point of error, appellant contends the trial court abused its discretion in allowing his motion for new trial to be overruled by operation of law without a hearing. We disagree. The record reflects that after sentencing, appellant's motion for new trial was filed with a supporting affidavit alleging his guilty plea had been involuntary. The State filed no controverting affidavits. Appellant's motion was overruled by operation of law pursuant to Tex.R.App.P. 31(e)(3).

Contrary to appellant's assertions, an affidavit is not evidence in itself and, in order to constitute evidence, must be introduced as such at a hearing on the motion, *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Crim.App.1973). Tex.R.App.P. 31(c), effective September 1, 1986, makes clear an accused's duty to file *and* present his motion for new trial in order to have the motion considered by the trial court:

(c) Time to Present.

(1) In term of Court. An accused shall *present* his motion for new trial to the court within ten days after *filing* it (emphasis added) [.]

Here, there is no evidence that appellant presented his motion for new trial to the trial court. There is no proposed order attached to the motion setting a date for a hearing on the motion. Indeed, there is nothing in the record to put the trial judge on notice that the appellant desired a hearing to present evidence in support of his motion for new trial. *See Green v. State,* 754 S.W.2d 687 (Tex.Crim.App.1988). Because the appellant failed to *present* his motion for new trial, we hold that there was no abuse of discretion by the trial court in allowing the motion to be overruled by operation of law without a hearing. Appellant's second point of error is overruled.

■ In his third point of error appellant contends he received ineffective assistance of counsel at trial. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court enunciated a two-prong test to determine whether counsel was ineffective in his assistance at trial. Initially, the defendant must show that counsel's performance was deficient; that is, counsel's assistance was not reasonably effective. Then the defendant must show prejudice; that is, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 686, 104 S.Ct. at 2063–64.

The *Strickland* test governs challenges to pleas of guilty based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). A determination of whether the standard has been met is to be judged by the totality of the representation rather than by isolated acts or omissions. *Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim.App. 1986).

In the present case, appellant contends his guilty pleas were involuntary and were made due to his trial counsel's ineffectiveness. As previously stated, a plea of guilty is a matter of trial strategy and the plea is

not involuntary because the resulting sentence is greater than expected. *West v. State*, 702 S.W.2d 629 (Tex.Crim.App.1986). In addition, the record demonstrates that appellant made his plea voluntarily, intelligently, and knowingly. We find no evidence in the record that supports appellant's claim regarding his attorney's advice other than appellant's own self serving affidavit. There is no affidavit by trial counsel to support such claims. Without the affidavit or testimony of the trial attorney, there is no competent proof of appellant's claim. We overrule appellant's third point of error.

The judgments are affirmed.