**Efrain MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-90-347-CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.

Rehearing Overruled Jan. 14, 1993.

Dorina Ramos, McAllen, for appellant.

Rena Guerra, Dist. and County Atty., Edinburg, for appellee.

Before GILBERTO HINOJOSA, KENNEDY and SEERDEN, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of theft, and the trial court assessed punishment at ten years probation. On appeal, appellant attacks the sufficiency of the evidence and contends the trial court erred when it overruled his motion for new trial without a hearing. We find the evidence sufficient to sustain the conviction but will abate the appeal with instructions that the trial court conduct a hearing on appellant's motion for new trial.

Appellant contends in point one that he was deprived of the opportunity to present evidence on his motion for new trial. The State initially responds that appellant was not entitled to a hearing because he

did not "present" his motion to the trial court as required by Tex.R.App.P. 31(c)(1).[1] This rule provides:

An accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after date sentence is imposed or suspended in open court.

The record shows that appellant's sentence was suspended in open court on May 30, 1990. Appellant timely filed his motion for new trial on June 22. Six days after the motion was filed, the trial court overruled it by written order without hearing evidence.

The term "present" is not defined by the Texas Rules of Appellate Procedure, nor is it, as a verb, defined by Black's Law Dictionary. When words are not defined by statute, they must be given their common meaning. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979). One common definition of "present" is "to offer for consideration." Webster's New Twentieth Century Dictionary (2nd ed.). Applying this common definition, we find that appellant timely presented his motion to the trial court. Such presentment is evidenced by the trial court's consideration of the motion and by its order overruling it. The order states:

On this day came on to be considered Defendant's Motion for New Trial and *the same having been timely filed and presented,* and the Court having read and considered said motion, it is the opinion of this Court that the same should be denied. (emphasis ours).

Thus, we find that appellant complied with Rule 31(c)(1) and that he did not waive his right to have a hearing on the motion. Thus, the trial court erred in overruling the motion without a hearing if, as we will discuss below, appellant raised matters in his motion which entitled him to a hearing.

Appellant raised the following as grounds for new trial:

1. a juror admitted after trial that he could not read or write. *See* Tex.Code Crim.Proc.Ann. art. 35.16(a)(11) (Vernon 1989),

2. a juror knew one of the alleged victims but failed to disclose this fact when questioned during voir dire,

3. Juror Castillo knew one of the defense witnesses, and

4. Juror Castillo conversed with an unauthorized person about the facts of the case and told the jury panel that she knew what really happened and that one of the defense witnesses, who she knew, was faking her tears.

The State concedes that if the motion was timely presented, as we have held, then appellant should have been afforded a hearing on the grounds relating to jury misconduct. We agree.

■ With respect to Juror Guffey's inability to read or write, we find no error. As the State points out, neither party inquired into this subject during voir dire and therefore appellant waived any complaint. *See Van Dalen v. State,* 789 S.W.2d 334, 336 (Tex.App.—Houston [14th Dist.] 1990, no pet.); *Guzman v. State,* 649 S.W.2d 77, 79 (Tex.App.—Corpus Christi 1982, no pet.). This ground for new trial was without merit and did not require a hearing.

Appellant next complained that a juror should have disclosed that she knew the Gonzalez family. The State concedes that the matter was raised during voir dire, that the juror failed to disclose knowing the Gonzalez family, and that this issue would be proper for a hearing.

Appellant also complains that juror Castillo failed to disclose that she knew the Cavazos family. The voir dire record shows, however, that neither party inquired into this subject during voir dire. Accordingly, any complaint in this regard was waived. *See Drousche v. State,* 651 S.W.2d 883, 890 (Tex.App.—Austin 1983, pet. ref'd). This ground was without merit and did not require a hearing.

---

**1.** The State relies on *Enard v. State,* 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no pet.). In *Enard,* unlike the present case, the motion for new trial was overruled by operation of law after the defendant failed to pursue his motion.

Appellant finally raised complaints about possible jury misconduct involving juror Castillo. These complaints concern whether juror Castillo possibly received evidence outside the courtroom. The State concedes that, with respect to this matter, appellant was entitled to a hearing. *See Green v. State*, 754 S.W.2d 687, 687–88 (Tex.Crim. App.1988); *McIntire v. State*, 698 S.W.2d 652, 660 (Tex.Crim.App.1985). Accordingly, we sustain appellant's first point and remand the cause to the trial court for a hearing on those portions of appellant's motion concerning jury misconduct and the one juror's failure to disclose that she knew the Gonzalez family.

█ In points two and three, appellant contends that the evidence is insufficient to sustain the conviction. In reviewing sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense, as incorporated into the jury charge, beyond a reasonable doubt. *See Arceneaux v. State*, 803 S.W.2d 267, 270–71 (Tex.Crim.App.1990); *Baugh v. State*, 776 S.W.2d 583, 585 (Tex. Crim.App.1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

In the present case, the State had to show that appellant used deception to acquire and exercise control over $1,000 from Horacio Gonzalez without his effective consent. Viewed most favorably to the verdict, the evidence shows that appellant came to the home of Horacio and Maria Gonzalez. Their son, Manuel Gonzalez, had been arrested along with Victor Cavazos for possessing about 24 pounds of marihuana. Appellant told the Gonzalezes that he was an attorney and would represent Manuel if the Gonzalezes would pay him $3,000. The Gonzalezes could not afford that amount but did give appellant $1,000 to represent their son. Before leaving the Gonzalez home, appellant had Manuel Gonzalez sign an affidavit in which Gonzalez completely exonerated Victor Cavazos. Appellant is Victor Cavazos' godfather.

After meeting with the Gonzalezes, appellant spoke with an assistant District At-

torney and gave him Manuel's statement. On the day of Manuel's court date, appellant did not appear to represent Manuel. The Gonzalezes contacted appellant to get their money back, but appellant rudely refused to return the money. The evidence further shows that appellant is not an attorney.

These facts sufficiently show that the Gonzalezes were deceived into paying appellant $1,000 to represent their son in his pending criminal case and that appellant acquired and exercised control over the money without their effective consent. The evidence is sufficient to sustain the conviction. Points of error two and three are overruled.

Appellant's appeal is ordered abated and this cause is remanded to the trial court for a hearing on appellant's motion for new trial. If the trial court denies the motion, the appeal will be reinstated when the supplemental record is filed in this court. Appellant will then have fifteen days to file a supplemental brief addressing issues raised at the new trial hearing or to inform this court that no supplemental brief will be filed. The State will have fifteen days to respond to appellant's brief.

If the trial court grants appellant's motion for new trial, the trial court must forward a copy of the order granting the motion to this court instanter.

If the trial court does not comply with this order within thirty days (or explain why it cannot), the appeal will be reinstated, the judgment reversed, and the cause remanded for new trial. *See Price v. State*, 818 S.W.2d 883 (Tex.App.—Corpus Christi 1991, no pet.).

The appeal is abated and the cause remanded with instruction that the trial court hold a hearing on appellant's motion for new trial.