James **MUSGROVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 793–95.

Court of Criminal Appeals of Texas, En Banc.

Jan. 7, 1998.

Nancy B. Barohn, San Antonio, for appellant.

Edward F. Shaugnessy, III, Asst. Dist. Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MEYERS, Judge delivered the opinion of the Court in which BAIRD, OVERSTREET, PRICE and HOLLAND, Judges, joined.

Appellant was convicted of burglary of a habitation. The jury sentenced him to forty-five years of confinement and assessed a $10,000 fine. Appellant filed a motion for new trial alleging jury misconduct, which the trial court denied. On appeal, Appellant contended the trial court erred by failing to conduct a hearing on the motion for new trial. In an unpublished opinion the Fourth Court of Appeals affirmed, holding that the record did not show the motion for new trial was presented to the trial court within ten days of its filing, as required by Tex.R.App. Pro. 31(c)(1), so the trial court did not err in failing to conduct a hearing on the motion. *Musgrove v. State*, No. 04–92–0407–CR (Tex. App.—San Antonio, Feb. 15, 1995). We granted Appellant's petition for discretionary review on the issue of presentment.

On August 20, 1992, Appellant timely filed a document styled a "Motion for New Trial; Request for an Evidentiary Hearing; and Motion for Leave to Amend." The motion asserted jury misconduct occurred at Appellant's trial. On September 21, 1992, the trial court signed an order denying the motion for new trial.

Rule of Appellate Procedure 31(c)(1), provides

An accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after the date sentence is imposed or suspended in open court.

The Court of Appeals concluded there was "nothing in the record" to show that Appellant presented his motion to the trial court within ten days of its filing and therefore the motion "was not properly before the trial court." Since it was not properly before it, the trial court did not abuse its discretion in failing to hold a hearing on the motion. *Musgrove*, No. 04–92–0407–CR, slip op. at 42–43.

Appellant argues in part that the trial court's denial of the motion in a written order sufficiently establishes the motion was "presented" to the trial court. Appellant points to a court of appeals opinion, *Martinez v. State*, 846 S.W.2d 345 (Tex.App.—Corpus Christi 1992), in which the court of appeals reasoned that the trial court's order overruling the motion was evidence that the motion had been considered by the court and therefore presented to it. The State asserts that the motion lacks a proposed order setting a date for a hearing, so the motion was not properly presented.

Contrary to the State's argument, a motion for new trial does not need an attached proposed order setting a hearing date to establish that the motion was presented to the trial court. A proposed order may indicate that once the motion was presented the trial court was put on notice that the appellant desired a hearing. However, that does not resolve the issue of whether the motion was presented in the first place.

In *Martinez*, cited by Appellant, the defendant timely filed a motion for new trial, which was overruled by the trial court six days later with a written order. On appeal, the defendant complained the trial court should have afforded him an opportunity to present evidence. The State said the defendant was not entitled to a hearing because his motion was never "presented." The court of appeals explained presentment:

The term "present" is not defined by the Texas Rules of Appellate Procedure, nor is it, as a verb, defined by Black's Law Dictionary. When words are not defined by statute, they must be given their common meaning. *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979). One common definition of "present" is "to offer for consideration." Webster's New Twentieth Century Dictionary (2nd ed.). Applying this common definition, we find that appellant timely presented his motion to the

trial court. Such presentment is evidenced by the trial court's consideration of the motion and by its order overruling it.

*Martinez*, 846 S.W.2d at 346. We agree with this rationale. Appellant's motion was not overruled by operation of law. The trial court's ruling by written order denying the motion is evidence that the court was offered the motion and considered its merits. This action is sufficient to show the motion was presented to the trial court.[1] That the motion was ruled on within the 75 day period shows it was either presented within ten days of filing or the trial court permitted it to be presented after the ten days but within the 75 day period.[2]

The Court of Appeals erred in holding that the record did not show the motion for new trial was presented to the trial court.[3] The Court of Appeals' judgment is set aside, and this cause is remanded to that court for further consideration of Appellant's eighth point of error.

OVERSTREET, J., filed a concurring opinion.

McCORMICK, P.J., and MANSFIELD, KELLER and WOMACK, JJ., dissent.

OVERSTREET, Judge, concurring.

In the instant case, appellant timely filed the motion for new trial and presented the motion within ten days to the trial court as evidenced by the written notation on the certificate of service. Therefore, it was error for the court of appeals to hold that appellant did not properly present his motion for new trial. Thus, I agree with this Court's deci-sion to set aside the judgment of the court of appeals and remand the cause for reconsideration in light of our opinion in this case and hereby join the opinion of the court.

1. In *Martinez*, the court of appeals noted a recitation in the trial court's order that the motion had been "timely filed and presented." The existence of such language is not necessary, however, to show presentment. Rather, it is the trial court's actions in ruling on the motion that constitutes evidence of its presentment.

2. It might be argued that a trial court's overruling of a motion after the ten day period but before the 75 day period could be for the reason that the motion was not timely presented within the ten day period. However, if a trial court overrules a motion after the ten day period, we assume the court is denying the motion for reasons *other than* its late filing. Rule 31 provides that the motion must be presented within ten days after filing, "unless in his discretion the trial judge *permits it to be presented* and heard within 75 days[.]" (emphasis added). In other words, the only discretion a trial court has once the motion is late, is to either allow it to be presented and heard or do nothing and let it be overruled by operation of law.

3. The State also argues the trial court did not err in failing to conduct a hearing on the motion for new trial because the affidavit in support of the motion was insufficient. The Court of Appeals has not had the opportunity to address that issue, so there is no Court of Appeals' decision on the issue for this Court to review. *Connor v. State*, 877 S.W.2d 325, 327 (Tex.Crim.App.1994).