NO. 12-01-00066-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALTON WESSLEY WILLIAMS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Alton Wesley Williams ("Appellant") appeals his conviction for the offense of driving while
intoxicated. A jury found him guilty and assessed his punishment at five years of imprisonment. 
He raises four issues on appeal complaining that his counsel was ineffective, that the trial court's
rulings were erroneous, and that the evidence was factually and legally insufficient. We affirm. 


Factual Background


 Appellant's vehicle was observed going off the side of the road and then drifting toward the
center by Randy Hatch ("Hatch") on State Highway 84 in Cherokee County. Hatch is a criminal
investigator for the Cherokee County districts attorney's office and has been a peace officer for 30
years. Hatch followed Appellant for a distance until Appellant pulled over to the side of the road. 
Hatch pulled his vehicle over also. He approached Appellant and requested his driver's license. 
Because of the smell of alcoholic beverage and Appellant's behavior, Hatch formed an opinion,
based on his experience, that Appellant was intoxicated. He called the Cherokee County sheriff's
office and requested that a state highway patrolman be dispatched to his location. Trooper Andrew
Sitgreaves ("Sitgreaves") responded. Based on his experience and the sobriety tests administered
to Appellant, Sitgreaves formed an opinion that Appellant was intoxicated and arrested Appellant
for driving while intoxicated.

 Appellant testified that he had not been drinking on that day and was not intoxicated. He
stated that he had shared a six-pack of beer with his sister at her home the prior evening. Before
being stopped, he explained that he had been home and then gone shopping. While at home, he
talked with his sons. His sons testified that their father was not drinking that day and was not
intoxicated when they saw him. 


Ineffective Assistance of Counsel


 In his first issue, Appellant contends that his trial counsel was ineffective. Specifically,
Appellant contends that his counsel failed to object to certain language in the indictment and failed
to file pre-trial motions.

 To show ineffective assistance of counsel, Appellant must demonstrate that (1) his trial
counsel's performance was deficient because it fell below an objective standard of reasonableness,
and (2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding
would have differed. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984); Rodriguez v. State, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995). "Whether the Strickland
standard has been met is to be judged by the 'totality of the representation,' rather than by isolated
acts or omissions of trial counsel, and the test is applied at the time of trial. The burden of proving
ineffectiveness rests upon the defendant by a preponderance of the evidence." Strickland, 466 U.S.
at 689, 104 S. Ct. at 2064. Any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928
S.W.2d 482 (Tex. Crim. App. 1996); Ex parte Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987). 
"Failure to make the required showing of either deficient performance or sufficient prejudice defeats
the ineffectiveness claim." McFarland, 928 S.W.2d at 500.

 The review of counsel's representation is highly deferential; we indulge a strong presumption
that counsel's conduct falls within a wide range of reasonable representation. Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. Appellant can rebut this presumption by showing that (1) his attorney's
representation was unreasonable under prevailing professional norms, and (2) the challenged action
was not sound trial strategy. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Howard v. State, 894 S.W.2d 104, 106 (Tex. App.-Beaumont 1995, pet. ref'd). We do not inquire
into trial strategy unless no possible basis exists in strategy or tactics for trial counsel's action. 
Johnson v. State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981); Weeks v. State, 894 S.W.2d 390,
391 (Tex. App.-Dallas 1994, no pet.).

 In order to meet the first prong of the Strickland test, Appellant must not only specifically
identify the deficiencies in counsel's performance, but must identify the specific action which should
have been made and provide authority in support of his argument that the action would have been
meritorious. See Valdes-Fuerte v. State, 892 S.W.2d 103, 112 (Tex. App.-San Antonio 1994, no
pet.) (citing Simms v. State, 848 S.W.2d 754, 758 (Tex. App.-Houston [1st Dist.] 1993, pet. ref'd)). 
When the record contains no evidence of the reasoning behind trial counsel's action, we cannot
conclude counsel's performance was deficient. See Jackson, 877 S.W.2d at 771-72. 

 A silent record does not require an appellate court to speculate on the reason for trial
counsel's decisions and is generally insufficient to address claims of ineffective assistance of counsel
in light of the strong presumption that trial counsel's conduct falls within the wide range of
reasonable professional assistance. A trial record is directed to the issues of guilt/innocence and
punishment. It is difficult to review Appellant's allegations of ineffective assistance of counsel from
a record that does not specifically address those issues.

 The indictment alleges that Appellant did not have the normal use of his mental and physical
faculties. Appellant complains that his counsel should have objected that the phrase "mental and
physical faculties" was in the conjunctive rather than the disjunctive. However, the record is silent
as to why he did not object. Of course, the burden on the State is more difficult when the pleading
is in the conjunctive rather than the disjunctive. Furthermore, the record in this case contains no
evidence relating to why counsel did not file pre-trial motions. There is nothing to indicate to us that
the actions of trial counsel were not trial strategy or that he needed pre-trial discovery. We are unable
to determine that counsel's actions were not part of his trial strategy. A silent record, as to counsel's
thought processes, does not require us to speculate on the reason for trial counsel's decisions. Ryan
v. State, 937 S.W.2d 93, 98 (Tex. App.-Beaumont 1996, pet. ref'd). Appellant's first issue is
overruled.


Denial of Hearing on Motion for New Trial


 Appellant asserts the trial court erroneously denied him an evidentiary hearing on his motion
for new trial. He contends the right to an evidentiary hearing is absolute if the motion for new trial
is timely filed and properly presented to the trial court. Contrary to Appellant's contention, the right
to a hearing on a motion for new trial is not an absolute right. Reyes v. State, 849 S.W.2d 812, 815
(Tex. Crim. App. 1993). A defendant must meet two criteria before a trial court abuses its discretion
by not hearing a motion for new trial. Id. at 815-16. First, the defendant must present a motion for
new trial raising matters not determinable from the record. Id. at 816. Second, the motion must be
supported by affidavit specifically showing the truth of the grounds of the attack. Id.

 Appellant's counsel timely filed a motion for new trial. The motion for new trial states that
the verdict was contrary to the evidence and that counsel was ineffective. Counsel filed an affidavit
merely swearing, in effect, that the statements were true and correct. The motion also contained an
order on which the trial court could grant or deny. The trial court did neither, and the motion was
overruled by operation of law. There is nothing in the record to show that Appellant did more than
file the motion.

 Rule 21.6 of the Texas Rules of Appellate Procedure (formerly Rule 31(e)(3)) contemplates
that a defendant's motion for new trial somehow be brought to the trial court's attention for a ruling
or be overruled by operation of law. Compare Martinez v. State, 846 S.W.2d 345, 346 (Tex. App.-
Corpus Christi 1992, pet. ref'd) (defendant timely "presented" his motion for new trial to the trial
court as evidenced by trial court's consideration of the motion and by its order overruling it), with,
Enard v. State, 764 S.W.2d 574, 575 (Tex. App.-Houston [14th Dist.] 1989, no pet.) (defendant
did not timely "present" his motion for new trial to the trial court because there was nothing in the
record to indicate the trial court was on notice that defendant desired a hearing to present evidence
in support of his motion for new trial and his motion for new trial was overruled by operation of
law).

 In Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998), the court of criminal
appeals held that the term "present" as used in Rule 31(c)(1) means the record must show the movant
for a new trial sustained the burden of actually delivering the motion for new trial to the trial court
or otherwise bringing the motion to the attention or actual notice of the trial court. Therefore, in
order to present a motion for new trial, the movant must give the trial court actual notice that it has
timely filed a motion for new trial and request a hearing on the motion within ten days of filing it.
The presentment must be directed to the trial court or another authorized to act on behalf of the trial
court. The presentment must result in actual notice to the trial court. Carranza, 960 S.W.2d at 78. 
Having failed to present the motion for new trial to the trial court, Appellant's second issue
overruled.


Qualifications of Police Officer


 Appellant's third issue contends that the State did not qualify Sitgreaves as an expert witness
on Horizontal Gaze Nystagmus Test, standardized field sobriety tests, or the Intoxilyzer test. By
contrast, the record shows that Sitgreaves testified he was certified and had attended training in all
three areas. He further stated that the Department of Public Safety has a continuing education and
training program in these areas. This was done prior to any objection by Appellant. Accordingly,
issue three is overruled.


Sufficiency of the Evidence


Legal Sufficiency

 Appellant's fourth and final issue maintains that the evidence presented by the State is both
legally and factually insufficient to support the jury's verdict. Where a party seeks reversal of a
conviction on grounds of both legal and factual insufficiency, an appellate court must first determine
whether the evidence adduced at trial was legally sufficient to support the verdict. See Clewis v.
State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Our determination of sufficiency of the
evidence requires that we review all evidence, both admissible and inadmissible. Gardner v. State,
699 S.W.2d 831, 835 (Tex. Crim. App. 1985). The standard of review that a court must follow in
making a determination of legal sufficiency requires that it ask whether, after reviewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.
Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). While conducting this review, a court does not reevaluate
the weight and credibility of the evidence but merely ensures that the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 

 The indictment alleged that Appellant operated a motor vehicle in a public place while
intoxicated by not having the normal use of his mental and physical faculties by reason of the
introduction of alcohol into the body. Tex. Pen. Code Ann. § 49.04 (Vernon 1995). The State's
evidence established that Appellant was seen by Hatch driving a motor vehicle in Cherokee County
in an erratic manner. Hatch observed him immediately after he exited the vehicle. Appellant
appeared to be intoxicated to Hatch who could smell the odor of alcoholic beverage on Appellant's
person. Hatch radioed for a DPS unit. Sitgreaves arrived in about ten or fifteen minutes. After
administering several field sobriety tests, the horizontal gaze nystagmus tests, and generally
observing Appellant, Sitgreaves formed an opinion that Appellant was very intoxicated. Sitgreaves 
testified that Appellant did not provide a breath specimen because he only pretended to blow into
the Intoxilyzer machine. The State further presented evidence that Appellant had twice before been
convicted of driving while intoxicated. 

 After reviewing the record in the light most favorable to the conviction, we find the evidence
to be legally sufficient for a rational jury to find beyond a reasonable doubt that Appellant was
driving while intoxicated. As a result, we overrule Appellant's issue challenging the legal sufficiency
of the evidence.

Factual Sufficiency

 After a court of appeals has determined that the evidence is legally sufficient to support the
verdict, it must proceed to review all the evidence in a claim of factual insufficiency. Clewis, 922
S.W.2d at 133. In conducting a factual sufficiency review, the appellate court must view all of the
evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Id. at 135; Bilby v. State, 892 S.W.2d 864, 875 (Tex.
Crim. App. 1994), cert. denied, 515 U.S.1162, 115 S. Ct. 2617, 192 L. Ed. 2d 860 (1995). However,
this court must not substitute its judgment for that of the jury. It is not the role of an appellate court
to interfere with the jury in resolving conflicts in the evidence or determining the weight and
credibility to be accorded varying witnesses' testimony. Van Zandt v. State, 932 S.W.2d 88, 96
(Tex. App.-El Paso 1996, pet. ref'd).

 The defense called Appellant and his two sons as witnesses. Each testified that, although
Appellant had a long history of alcohol abuse, he was not drinking on the day in question. The sons
testified that Appellant had finally quit drinking after he received severe injuries in an automobile
accident which had been caused by his intoxication. However, Appellant testified that he had drank
a six-pack of beer the prior evening.

 In view of all the evidence in the trial, we conclude that the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. The jury heard the
testimony of the police officers and that of Appellant and his family. They chose to believe the
police officers. Accordingly, we overrule Appellant's factual sufficiency issue.

 The judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice



Opinion delivered January 23, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
















(DO NOT PUBLISH)