NO. 12-04-00056-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
MICHAEL KERR,                                             §                 APPEAL FROM THE 7TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Appellant Michael Kerr was convicted for burglary of a habitation with intent to commit
assault and sentenced to ten years of imprisonment. Appellant raises four issues on appeal. We
affirm. 
 
Background
            Appellant was charged by indictment with burglary of a habitation, a first-degree felony. See
Tex. Pen. Code Ann. § 30.02(a) (Vernon 2003). At trial, Appellant pleaded “not guilty” and tried
his case to a jury.
            According to the evidence at trial, the victim, Kelvin Muckleroy, was the father of
La’Charlsha Wood’s daughter. Muckleroy knew Appellant because Wood and Appellant were
friends. Appellant was married to Virginia Kerr. Muckelroy called Kerr and told her that her
husband, Appellant, was having an affair with Wood. Kerr was upset upon hearing this information
and confronted Appellant.
            On July 22, 2003, Appellant, along with William Fields, went to Muckleroy’s apartment and
banged on the door. Muckleroy, Woods, and their daughter were in the apartment at the time. 
Muckleroy saw Fields through the peep hole and called 9-1-1. Appellant and Fields kicked down
the door. Muckleroy testified that Fields aimed a pistol at him and Appellant carried a hammer. 
Appellant threatened to kill Muckleroy. He grabbed Muckleroy’s hand, stretched out his arm, and
smashed his finger. Both Fields and Appellant kicked and hit Muckleroy. Muckleroy said that
Appellant never hit him with the hammer. 
            Officer Robert Plymail, a sergeant with the Tyler Police Department, responded to the 9-1-1
call. He found Appellant and Fields assaulting Muckleroy in a corner of Muckleroy’s bedroom. 
Officer Plymail did not see Appellant carrying a weapon although he saw that Fields was holding
a hammer. He also noticed a pistol on the floor and an unspent round of ammunition on the bed. 
            The jury found Appellant “guilty” of the lesser-included offense of burglary of a habitation 
with intent to commit assault, a second-degree felony. Appellant testified at the punishment phase. 
He denied owning the pistol and further denied knowing that Fields brought it to Muckleroy’s
apartment. He also denied hitting or kicking Muckleroy, but admitted that he held Muckleroy’s hand
and asked him if those were the fingers he used to call his (Appellant’s) wife. Appellant denied
threatening to kill Muckleroy, but conceded that he wanted to scare him so that he would stop calling
his wife. 
            The jury sentenced Appellant to ten years of imprisonment. Appellant filed a motion for new
trial alleging juror misconduct. The trial court did not hold a hearing on the motion, which was
overruled by operation of law. Appellant now appeals his conviction and sentence.
 
Motion for New Trial Based on Juror Misconduct
              In his first issue, Appellant contends the trial court erred by failing to hold an evidentiary
hearing on his motion for new trial. In his second issue, Appellant contends that juror misconduct
deprived him of a fair trial. To support his allegations of juror misconduct, Appellant attached to
his motion for new trial an affidavit of one of the jurors. The juror stated in her affidavit that several
jurors were discussing the case prior to deliberation, that one juror devised a formula for ensuring
that Appellant served “some amount of jail time before being released,” that at least one juror read
a newspaper article regarding the trial and discussed it with another juror, and that she (the affiant)
felt pressured to reach a verdict and sentence that violated her conscience. Because these two issues
are interrelated, we examine them together.
Applicable Law
            A defendant may file a motion for new trial no later than thirty days after the date when the
trial court imposes or suspends sentence in open court. Tex. R. App. P. 21.4(a). A motion for new
trial is a prerequisite to presenting an issue on appeal only when necessary to adduce facts not in
the record. Tex. R. App. P. 21.2; Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). 
A defendant does not have an absolute right to a hearing on a motion for new trial. Reyes v. State,
849 S.W.2d 812, 815 (Tex. Crim. App. 1993). To obtain a hearing on a motion for new trial, a
defendant must present the motion to the trial court within ten days of filing, unless the trial court
in its discretion permits the motion to be presented and heard within seventy-five days of the date
the court imposes or suspends sentence in open court. Tex. R. App. P. 21.6; Sexton v. State, 51
S.W.3d 604, 609 (Tex. App.–Tyler 2000, pet. ref’d). 
            Merely filing a motion for new trial does not satisfy the presentment requirement. 
Carranza v. State, 960 S.W.2d 76, 78 (Tex. Crim. App. 1998). The term “present” means the
record must show the movant for a new trial sustained the burden of actually delivering the motion
for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of
the trial court. Id. at 79. Examples of “presentment” include obtaining the trial court’s ruling on
the motion for new trial, the judge’s signature or notation on a proposed order, or a hearing date
on the docket. Id. 
            The trial court must rule on a motion for new trial within seventy-five days after the
defendant was sentenced. Tex. R. App. P. 21.8(a). If the court does not rule within this time, the
motion is deemed overruled by operation of law. Tex. R. App. P. 21.8(c). 
Discussion
            In the present case, the trial court sentenced Appellant in open court on November 20,
2003. Appellant timely filed a motion for new trial on December 12, 2003. Appellant’s motion
for new trial was necessary to preserve Appellant’s juror misconduct complaint because the alleged
misconduct was not in the record. See Tex. R. App. P. 21.2; Vidaurri, 49 S.W.3d at 886. 
            To complain on appeal that the trial court failed to hold an evidentiary hearing on his
motion for new trial, Appellant must have presented his motion by December 22, 2003, the tenth
day after he filed his motion for new trial. While the docket sheet reflects that Appellant’s motion
for new trial was filed on December 12, 2003, it does not reflect presentment. The record includes
a computer-generated report from the office of Appellant’s attorney, which reflects that on
December 14, 2003, an unnamed person from the office “called Amie and requested setting.” 
Appellant contends this report establishes presentment. However, this report does not show that
the trial court received actual notice of Appellant’s motion. Compare Martinez v. State, 846
S.W.2d 345, 346 (Tex. App.–Corpus Christi 1992, pet. ref’d) (Defendant timely “presented” his
motion for new trial to the trial court as evidenced by trial court’s consideration of the motion and
by its order overruling it), with Enard v. State, 764 S.W.2d 574, 575 (Tex. App.–Houston [14th
Dist.] 1989, no pet.) (Defendant did not timely “present” his motion for new trial to the trial court
because there was nothing in the record indicating the trial court was on notice that defendant
desired a hearing to present evidence supporting his motion). 
            The record before us does not contain an order setting a hearing date or denying the motion. 
 The computer-generated report fails to show that the court had actual notice of the motion. 
Appellant twice requested a setting on the motion for new trial. However, both requests were filed
after the ten-day period for presentment, and the record does not show that the trial court extended
the time for presentment and hearing as permitted by Rule 21.6. Therefore, there is nothing in the
record reflecting that Appellant presented his motion to the trial court within the prescribed time
period. Consequently, Appellant did not preserve this issue for review.
            Moreover, even if Appellant had preserved error, his challenge to the verdict based on the
juror’s affidavit would fail. A juror may not testify by way of testimony or affidavit as to any
matter or statement occurring during the jury’s deliberation. Tex. R. Evid. 606(b);


 Hicks v. State,
15 S.W.3d 626, 630 (Tex. App.–Houston [14th Dist.] 2000, pet. ref’d). Therefore, even if the trial
court had conducted a hearing, this type of evidence would not have been admissible. Based upon
our review of the record, we cannot say that the trial court erred by failing to hold an evidentiary
hearing on Appellant’s motion for new trial. Because the juror misconduct is not apparent from
the record, we cannot conclude that Appellant was deprived of a fair trial. Accordingly,
Appellant’s first and second issues are overruled.
 
Impeachment
            In his third issue, Appellant contends the trial court committed reversible error in not
allowing him to impeach the testimony of the victim with evidence of his prior criminal history. 
Appellant asserts that Muckleroy left a false impression with the jury that the extent of his being
“in trouble with the law” was his convictions for assault and theft. Appellant further asserts that
the State “opened the door” to all of Muckleroy’s encounters with law enforcement by creating the
impression that the two crimes for which he was convicted represent the only trouble he has had
with the police. 
Applicable Law and Discussion
            Admission of evidence is a matter within the trial court’s discretion. Montgomery v. State,
810 S.W.2d 372, 378 (Tex. Crim. App. 1990). We review evidentiary rulings for an abuse of
discretion. Id. at 390 (op. on reh’g). When attacking the credibility of a witness, evidence of prior
criminal convictions shall be admitted only if the crime was a felony or involved moral turpitude,
regardless of punishment, and the court determines that the probative value outweighs its
prejudicial effects. Tex. R. Evid. 609. However, an exception to Rule 609 applies when a witness
makes statements concerning his past conduct that suggest he has never been arrested, charged,
or convicted of any offense. Prescott v. State, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988);
Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986); Ochoa v. State, 481 S.W.2d 847,
850 (Tex. Crim. App. 1972). Where the witness creates a false impression of law-abiding
behavior, he “opens the door” to his otherwise irrelevant past criminal history, and opposing
counsel may expose the falsehood. Prescott, 744 S.W.2d at 131; Hammett, 713 S.W.2d at 105;
Ochoa, 481 S.W.2d at 850.   In this case, Muckleroy admitted that he had been in trouble with the
law before. In response to the prosecutor’s specific questions, he told the jury that he had been
convicted of both assault and theft. Appellant could have introduced these convictions for
impeachment purposes under Rule 609. See Tex. R. Evid. 609. The only circumstance under
which the fact of a misdemeanor conviction not involving moral turpitude, an arrest, indictment,
or other mere accusations may be admitted on the issue of a witness’s credibility is when the
witness makes a blanket false statement concerning his prior conduct, such as a statement that he
has never been in trouble with the law. Bell v. State, 620 S.W.2d 116, 121 (Tex. Crim. App.
1980). Because Muckleroy did not respond falsely by denying that he previously had been in
trouble with the police, he did not “open the door” to impeachment by his prior criminal record. 
Theus v. State, 845 S.W.2d 874, 878-79 (Tex. Crim. App. 1992). Therefore, we conclude the trial
court did not err in preventing Appellant from inquiring into Muckleroy’s criminal history. 
Consequently, Appellant’s third issue is overruled.
 
Relevance of Evidence Admitted at Punishment
            In Appellant’s fourth issue, he asserts the trial court erred in allowing the State to present
evidence that was not relevant in the punishment phase; specifically, that the gun used during the
commission of the offense was operable. In his brief, Appellant also asserts that the testimony
complained of was evidence of an inadmissible extraneous offense. However, Appellant did not
make an extraneous offense objection at trial and, therefore, failed to preserve the issue for our
review. Martinez v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (objection must be
specific and timely to preserve error). Thus, we will address only Appellant’s relevance argument.
Applicable Law
            The trial court has broad discretion in determining admissibility of evidence at the
punishment phase of trial. Cooks v. State, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992). 
Generally, the jury is entitled to have before it “all possibly relevant information about the
individual defender whose fate it must determine.” Id. (quoting Jurek v. Texas, 428 U.S. 262,
276, 96 S. Ct. 2950, 2958, 49 L. Ed. 2d 929 (1976)). 
            Texas Code of Criminal Procedure article 37.07, section 3(a) governs the admissibility of
evidence during the punishment phase of a non-capital trial. Erazo v. State, 144 S.W.3d 487, 491
(Tex. Crim. App. 2004). The statute explicitly allows the trial court to admit “any matter deemed
relevant to sentencing.” Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2004-
2005). “‘Relevant evidence’ is evidence having any tendency to make the existence of any fact that
is of consequence . . . more probable or less probable than it would be without the evidence.” Tex.
R. Evid. 401. Questions of admissibility of evidence are reviewed for an abuse of discretion. 
Jones v. State, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996). 
Discussion
            During the guilt/innocence phase of trial, Officer Dale Feuquay of the Tyler Police
Department testified that upon arriving at Muckleroy’s apartment, he found Officer Plymail in the
bedroom with Muckleroy, Fields, and Appellant. Officer Plymail had his foot on a Larson 380
pistol. The pistol had one round in the chamber and three more rounds loaded in the magazine. 
Officer Feuquay recovered the pistol and took it to his patrol car as quickly as possible to get it out
of the room. 
            The State called Wade Thomas to testify during the punishment phase of the trial. Thomas
is a criminalist with the Texas Department of Public Safety Laboratory. His primary job function
is examining firearms. Thomas testified that he examined the pistol that was found at Muckleroy’s
apartment. Based on his examination, Thomas informed the jury that the pistol was capable of
being fired. Appellant objected to the testimony based on relevance since the jury did not make
a finding that Appellant possessed a deadly weapon. The trial court overruled his objection.
            The test for relevancy is much broader during the punishment phase because it allows a jury
to consider more evidence in exercising its discretion to assess punishment within the appropriate
range. See Murphy v. State, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh’g). In Erazo,
the court reiterated that, because the jury’s decision in a non-capital case does not involve a
discrete finding, the relevance of evidence cannot be determined by a deductive process, but rather
is a function of policy. Erazo, 144 S.W.3d at 491. The policies that operate during the
punishment phase of a non-capital trial include “(1) giving complete information to the jury to
allow it to tailor an appropriate sentence, (2) the rule of optional completeness, and (3) whether
the appellant admits the truth during the sentencing phase.” Id. As a result, relevance during the
punishment phase of a non-capital trial is determined by what is helpful to the jury. Id. 
             Woods testified that Appellant had told her that he was “going to get” Muckleroy. She
also said that Appellant showed her a gun that he kept in the glove compartment of his truck. 
Further, Woods testified that Appellant was carrying the gun as he and Fields broke into the
apartment. While the jury did not find that Appellant possessed a deadly weapon, the trial court
could have reasonably believed that it would be helpful for the jury to know whether the pistol was
capable of being fired since it was available for Appellant’s use in the midst of a volatile situation. 
We cannot conclude that the trial court abused its discretion. Consequently, Appellant’s fourth
issue is overruled.
 
Disposition
            Having overruled Appellant’s four issues, we affirm the trial court’s judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered February 10, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(DO NOT PUBLISH)