

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00033-CR

JEREMIAH JERMAINE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 24F0053-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Bowie County jury convicted Jeremiah Jermaine Johnson of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 21.11. The State (1) alleged that Johnson was previously convicted of sexual assault, (2) consolidated this case with Johnson's companion case in our cause number 06-25-00034-CR for failure to register as a sex offender, and (3) sought an enhanced habitual offender punishment. *See* TEX. PENAL CODE ANN. § 12.42(c)(2). After a punishment trial to the bench, the trial court sentenced Johnson to life imprisonment.

In his sole point of error on appeal, Johnson argues that his trial counsel rendered ineffective assistance "due to a chain of events leading to defendant introducing evidence unfavorable to his case." Because we conclude that a silent record does not support Johnson's claim, we overrule his point of error. Even so, we modify the judgment to reflect that the punishment was assessed by the trial court instead of the jury. As modified, we affirm the trial court's judgment.

## I. The Silent Record Does Not Support Johnson's Claim of Ineffective Assistance

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App.

2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

"Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "When such direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143. "On direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). The Texas Court of Criminal Appeals "has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id.*

Further, before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When counsel has not been given an opportunity to explain the challenged actions, we will find deficient performance only when the conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

3

Under the two-prong test to prove ineffective assistance of his counsel, Johnson must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland*, 466 U.S. at 687–95; *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986).

**B.      Analysis**

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone*, 77 S.W.3d at 836. Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (citing *Rylander*, 101 S.W.3d at 110; *Thompson*, 9 S.W.3d at 814).

Johnson's complaints of counsel's alleged ineffectiveness all relate to matters of trial strategy. First, Johnson argues that his counsel rendered ineffective assistance because he failed

4

to request a "hearing to determine if the evidence [was] adequate to support a finding by the jury that the previous offense [of sexual assault] had been committed beyond a reasonable doubt." Yet, Johnson's offense was consolidated with his offense of failure to register as a sex offender, and counsel likely did not request a hearing on that matter because he knew that the State had a certified copy of Johnson's prior judgment of conviction for the sexual assault, which was enough to support the jury's finding that the offense had been committed beyond a reasonable doubt.

Next, Johnson argues that his "defense counsel did not demand that the two charges tried be severed. Since they were tried together, the jury was automatically informed of a prior sexual offense conviction by the accused since one of the offenses was failure to register as a sex offender." In our view, Johnson's counsel likely did not seek separate trials because he wished for Johnson's sentences to run concurrently, rather than consecutively. *See Werner v. State*, 412 S.W.3d 542, 546 (Tex. Crim. App. 2013) ("[C]onsolidation also benefits criminal defendants by requiring concurrent sentencing in most instances."). Johnson's counsel also could have decided, as a matter of trial strategy, that it was better for Johnson to plead guilty to the offense of failing to register as a sex offender in light of the State's evidence against Johnson and that, by pleading guilty to that offense, Johnson would have more credibility when he pled not guilty to indecency with a child. *See Enard v. State*, 764 S.W.2d 574, 575 (Tex. App—Houston [14th Dist.] 1989, no pet.) ("A guilty plea is a matter of trial strategy.").

Lastly, Johnson argues that "there was no reason for the defendant to not testify on his own behalf since his 'other bad acts' were previously admitted to." Yet, it is plausible that

5

counsel did not call Johnson to testify because Johnson did not want to do so. Johnson's counsel could have also determined that it was best for Johnson not to testify so the State would not have the chance to cross-examine him and undermine his credibility. *See Ex parte Scott*, 541 S.W.3d 104, 117 (Tex. Crim. App. 2017) (orig. proceeding) (counsel's decision not to call his client is a matter of reasonable trial strategy).

Because we can fathom strategic reasons for counsel's actions, we find that the silent record precludes a finding that Johnson's counsel rendered ineffective assistance. As a result, we find that the first *Strickland* prong has not been met. Consequently, we overrule Johnson's sole point of error.

## II. We Modify the Judgment

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

Our appellate record reflects that, while the issue of guilt/innocence was tried to the jury, punishment was assessed by the trial court. Even so, the trial court's judgment mistakenly states that the jury assessed punishment. As a result, we modify the trial court's judgment.

### III. Conclusion

We modify the trial court's judgment to reflect that the trial court assessed Johnson's punishment, not the jury. As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    September 23, 2025
Date Decided:      October 17, 2025

Do Not Publish

7