**Ark James PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–90–356–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 8, 1992.

Discretionary Review Refused
Feb. 10, 1993.

George B. Mackey, Richard Alley, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Betty Marshall, Chriss C. Marshall, Terri Moore, Asst. Criminal Dist. Attys., Fort Worth, for the State.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Ark James Price, guilty of aggravated robbery and assessed punishment at seventy-five years in prison. This Court affirmed all issues concerning guilt/innocence and attempted to abate the conviction concerning a punishment issue. We ordered the trial court to hold a hearing on appellant's motion for new trial, but stated that should the trial court not hold the hearing within thirty days, the judgment would be reversed and the case remanded for a new trial on punishment. *Price v. State*, 818 S.W.2d 883, 890 (Tex. App.—Corpus Christi 1991). The State filed a cross-petition for discretionary review, contending that we failed to address its initial reply to appellant's point of error concerning the trial court's decision not to conduct a hearing on appellant's motion for new trial. The State had argued that appellant had not timely presented the motion for new trial to the trial court. The Court of Criminal Appeals granted ground one of the State's cross-petition for discretionary review, vacated our judgment, and remanded the case to us to reconsider appellant's point of error in light of the State's claim that appellant did not timely present the motion for new trial. *Price v. State*, 826 S.W.2d 947, 948 (Tex.Crim.App.1992).

By a single point of error, appellant complains that the trial court erred by failing to conduct a hearing on his motion for new trial. Appellant was sentenced in open court on August 29, 1990. On September 28, 1990, appellant timely filed his motion for new trial, which included a juror affidavit alleging that parole was discussed while the jury was deliberating on punishment. The trial court did not conduct a hearing on the motion for new trial, and it was overruled by operation of law. The State contends that appellant is not entitled to a hearing on his motion for new trial because

he did not timely present his motion to the trial court. Absent presentment, the State argues that the trial court did not err by failing to conduct a hearing. Appellant argues that his court-appointed attorney had a letter sent to the Judge of the 28th District Court of Nueces County (the convicting court) which stated that the motion for new trial was timely filed and presented to the trial court. He also argues that according to Texas Rules of Appellate Procedure 31(d) & (e), he was not required to present the motion for new trial to the trial court before it could rule on the motion, with or without a hearing. He further contends that the State has waived or failed to preserve its complaint that his motion for new trial was not timely presented because the State did not controvert the motion for new trial and did not complain to the trial court that the motion had not been timely presented.

■ To be timely, a motion for new trial must be filed within thirty days of the date sentence was imposed or suspended in open court *and* presented to the trial court within ten days of filing or within seventy-five days if the trial court grants permission. TEX.R.APP.P. 31(a)(1),[1] (c)(1).[2] *See Enard v. State*, 764 S.W.2d 574, 575 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (accused has duty to file *and* present motion for new trial in order to have it considered by the trial court). Since appellant did not receive permission to have his motion for new trial presented and heard within seventy-five days after the date his sentence was imposed, he had to present his motion within ten days of filing.

Concerning the evidence of presentment, on December 31, 1990, appellant filed his "DEFENDANT'S FORMAL BILL OF EXCEPTION." Attached to the bill as Exhibit 4 is the affidavit of George B. Mackey, appellant's court-appointed counsel. Mr.

---

1. Rule 31(a)(1) provides that "[a] motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court."

2. Rule 31(c)(1) provides that "[a]n accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after date sentence is imposed or suspended in open court."

Mackey's affidavit, sworn to on November 5, 1990, stated, in relevant part:

> The Motion for New Trial in this case was duly filed within thirty (30) days after the date sentence was imposed. Co-counsel, JON MUSCHENHEIM, presented the Motion to the Court to be set for hearing within 10 days of the filing of said Motion. As of this date, no hearing has been set although requested. Due to the issues involved in this case, a hearing is necessary for the due administration of justice.

Attached to the bill as Exhibit 5 is a letter from Mr. Mackey to the Hon. Lee Ann Dauphinot and the Hon. Eric G. Brown.[3] The letter, dated October 17, 1990, stated, in relevant part:

> The Defendant's Motion for New Trial in the above referenced case was filed and presented to Judge Brown of the 28th District Court to be set for hearing. As of this date, no hearing on this Motion for New Trial has been set. Please accept this letter as our further request for hearing on Defendant's Motion for New Trial.

■ Rule 52(c)(11) of the Texas Rules of Appellate Procedure provides, in relevant part, that (emphasis ours) "if a timely motion for new trial has been filed formal bills of exception *shall be filed* ... within ninety days after sentence is pronounced or suspended in open court in a criminal case." In the present case, sentence was pronounced in open court on August 29, 1990. Appellant's formal bill of exceptions was filed on December 31, 1990, well over ninety days after the date sentence was pronounced in open court. Therefore, the bill was not timely filed and preserved nothing for appellate review. TEX.R.APP.P. 52(a).

■ Concerning appellant's contention that a trial court can proceed to the hearing and determination of a motion for new trial under Rules 31(d) & (e) without timely presentment, appellate courts have the duty to construe statutes as written, and, if possible, ascertain the Legislature's intent from the language of the act. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). To ascertain legislative intent, we must look to the statute as a whole and not to its isolated provisions. *Morrison*, 699 S.W.2d at 208; *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981). Further, one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of this construction if standing alone. *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex.1978).

■ Rules 31(d) & (e) do not address the presentment requirement; they refer only to the hearing on and the determination of a motion for new trial.[4] An interpretation that Rules 31(d) & (e) do not require that a *motion for new trial be timely presented to* the trial court before it can be ruled upon is untenable when read in light of Rule 31(c). If the interpretation of Rules 31(d) & (e) by appellant were followed, then Rule 31(c) would be meaningless. The fact that Rules 31(d) & (e) do not repeat the timely presentment requirement does not mean that they override or eliminate the requirement. We must give full effect to Rule 31(c) because the law is well established that every word in a statute is presumed to have been used for a purpose. *Barr*, 562 S.W.2d at 849; *Jessen Associates, Inc. v. Bullock*, 531

---

3. Appellant was indicted in Tarrant County, Texas. After a change of venue, the case was transferred to the 28th District Court of Nueces County, Texas. Judge Dauphinot, Judge of the Criminal District Court No. 2 of Tarrant County was assigned to the 28th District Court to hear the case. Judge Brown is the Presiding Judge of the 28th District Court.

4. Rule 31(d) provides, "[t]he court is authorized to hear evidence by affidavit or otherwise and to determine the issues."

Rule 31(e) provides:

(1) *Time to Rule.* The court shall determine a motion for new trial within 75 days after date sentence is imposed or suspended in open court.

(2) *Ruling.* The judge shall not sum up, discuss or comment on evidence in the case. The judge shall grant or refuse the motion for new trial.

(3) *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

S.W.2d 593, 600 (Tex.1975). We therefore hold that Rule 31, construed as a whole, does require timely presentment before a trial court can proceed to the hearing and determination of a motion for new trial.

■ Concerning appellant's waiver argument, Rule 31 does not require the State to object to a defendant's lack of timely presentment in order to preserve the complaint for appellate review. Specifically, Rule 31(b)(1) *allows* but does not require the State to take issue with a motion for new trial. This rule provides, in relevant part, (emphasis ours): "That the State has controverted a motion for new trial will not relieve an accused of his responsibility to *present* his motion timely to the court."

■ In this case, no evidence before this Court shows that appellant timely presented his motion for new trial to the trial court. The proposed order attached to the motion for new trial does not set a date for a hearing on the motion. The order also does not include a written notation showing that the motion for new trial was presented to the trial court. *See Green v. State,* 754 S.W.2d 687, 687 (Tex.Crim.App.1988).[5] Since no evidence before this Court shows that appellant presented his motion for new trial within ten days as required by Rule 31(c)(1), it was not properly before the trial court. We therefore hold that the trial court did not err by failing to conduct a hearing on appellant's motion for new trial.

The trial court's judgment is AFFIRMED.

---

**5.** In *Green,* the accused timely filed and presented to the trial court a sworn, written motion for new trial. Attached to the motion for new trial was a proposed order setting a date for a hearing on the motion. The Court of Criminal Appeals stated that a written notation on the proposed order showed that it was presented to the trial judge on October 15, 1985; thereby putting the trial court on notice that the accused desired a hearing so that he could be afforded the opportunity to present evidence in support of his motion for new trial.