Omar Lopez CANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–555–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1993.

Abel Toscano, Jr., Arturo H. Saenz, Law Offices of Abel Toscano, Jr., Harlingen, for appellant.

Luis V. Saenz, County (Criminal Dist.) Atty., Brownsville, for State.

OPINION

PER CURIAM.

Appellant has filed a motion for extension of time to file his brief. In his motion, appellant states that additional time is needed because he desires to file a bill of exception and needs the trial court to hold an evidentiary hearing on his now-asserted claims of ineffective assistance of counsel. Appellant requests that we direct the trial

court to conduct the evidentiary hearing necessary so that he may perfect a bill of exception.

We will grant appellant additional time to file his brief, but we will not direct the trial court to conduct any additional hearings in this case. The Texas Rules of Appellate Procedure govern the time for filing bills of exception. *See* Tex.R.App. 52(c)(11). Unlike former law, the current rules do not permit extensions of time for the filing of bills of exception by either the trial court or the appellate court. *Goodin v. State,* 750 S.W.2d 857, 860 (Tex.App.— Corpus Christi 1988, pet. ref'd). A bill of exception must be filed within 60 days of the date the defendant is sentenced in open court, or within 90 days of that date if a motion for new trial is filed. Tex.R.App.P. 52(c)(11). Untimely filed bills of exception preserve nothing for appellate review. *Price v. State,* 840 S.W.2d 694, 696 (Tex. App.—Corpus Christi 1992, pet. ref'd).

Appellant has not complied with the applicable deadline for filing a bill of exception, and an extension may not be granted. Accordingly, we deny appellant's request that we direct the trial court to conduct an evidentiary hearing for purposes of making a bill of exception. Appellant's motion to extend the time for filing the brief is granted. The brief is due by March 24, 1993.