IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-270-CR





GREG LYNN MATTHEWS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0931406, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





 Appellant Greg Lynn Matthews was charged with aggravated robbery by using and
exhibiting a deadly weapon, namely, a firearm. Two prior felony convictions were alleged for
enhancement of punishment. Appellant waived trial by jury and entered a plea of guilty to the
indictment before the trial court after reaching a plea bargain with the prosecution. Appellant was
duly admonished by the trial court of the consequences of his plea. See Tex. Code Crim. Proc.
Ann. art. 26.13 (West 1989 & Supp. 1994). Stipulations and a written judicial confession were
offered in evidence in accordance with the appropriate statute. Tex. Code. Crim. Proc. Ann. art.
1.15 (West Supp. 1994). The trial court assessed punishment at 25 years' imprisonment, 2 years
less than the negotiated plea agreement.

 Appellant advances a single point of error. He urges that the "trial court erred in
refusing to set and conduct a hearing on appellant's sworn uncontested motion for new trial" based
on the claim of ineffective assistance of trial counsel.

 To appeal from a negotiated guilty plea where the trial court assessed the
punishment agreed upon or less, the notice of appeal must include one of two statements. The
notice must state that the trial court granted permission to appeal or that appellant raised the
matters appealed by written motion and the trial court ruled on them before trial. See Tex. R.
App. P. 40(b)(1); (1) Wolfe v. State, 878 S.W.2d 645, 646 (Tex. App.--Dallas 1994, no pet.). If the
notice of appeal does not contain either of the recitals found in the "but clause" of Rule 40(b)(1),
it is a "general" notice of appeal. Fowler v. State, 874 S.W.2d 112, 113 (Tex. App.--Austin 1994,
pet. ref'd). A "general" notice of appeal following a bargained guilty plea confers jurisdiction
on a court of appeals to address jurisdictional issues, but not to address nonjurisdictional defects
or errors that occurred before or after the entry of the guilty plea. See Lyon v. State, 872 S.W.2d
732, 736 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43, 46-47 (Tex. Crim. App.
1994); Wolfe, 878 S.W.2d at 646; Fowler, 874 S.W.2d at 114.

 In the instant case, appellant has filed only a "general" notice of appeal. Appellant
candidly admits that the trial court did not grant permission to appeal and that there were no
pretrial motions on which the trial court ruled. Thus, this Court is without jurisdiction to pass
on any nonjurisdictional error that occurred before or after the entry of the guilty plea in the
instant case. The sufficiency of the evidence and ineffective assistance of counsel are
nonjurisdictional issues. Lyon, 872 S.W.2d at 736. Failure to give proper admonishments on a
guilty plea is also a nonjurisdictional issue. Penny v. State, 880 S.W.2d 59, 61 (Tex. App.--Dallas
1994, no pet. hist.). Likewise, we conclude that the failure to conduct a hearing on a motion for
new trial is a nonjurisdictional issue, and this Court is without jurisdiction to entertain the issue. 
See Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981) (defining jurisdiction as the
power of the court over the "subject matter" of the case, conveyed by statute or constitutional
provision, coupled with "personal" jurisdiction over the accused.). (2)

 Lacking jurisdiction to entertain appellant's contention, we dismiss the appeal.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Dismissed

Filed: December 7, 1994

Do Not Publish


* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Rule 40(b)(1) of the Texas Rules of Appellate Procedure provides in pertinent part:



 Notice of appeal shall be given in writing filed with the clerk of the trial
court. Such notice shall be sufficient if it shows the desire of the defendant
to appeal from the judgment or other appealable order; but if the judgment
was rendered upon his plea of guilty or nolo contendere pursuant to Article
1.15, Code of Criminal Procedure, and the punishment assessed does not
exceed the punishment recommended by the prosecutor and agreed to by
the defendant and his attorney, in order to prosecute an appeal for a
nonjurisdictional defect or error that occurred prior to entry of the plea the
notice shall state that the trial court granted permission to appeal or shall
specify that those matters were raised by written motion and ruled on
before trial. The clerk of the trial court shall note on copies of the notice
of appeal the number of the cause and the day that notice was filed, and
shall immediately send one copy to the clerk of the appropriate court of
appeals and one copy to the attorney for the State.



Tex. R. App. P. 40(b)(1) (emphasis added).
2. Moreover, if it can be validly argued that this Court has jurisdiction to pass on appellant's
contention, no error is presented. To be timely, a motion for a new trial must be filed within
thirty days of the date sentence was imposed or suspended, and presented to the trial court within
ten days of the filing or within seventy-five days if the trial court grants permission. Tex. R.
App. P. 31(a)(1), (c)(1); Price v. State, 840 S.W.2d 694, 695 (Tex. App.--Corpus Christi 1992,
pet. ref'd); Enard v. State, 764 S.W.2d 574, 575 (Tex. App.--Houston [14th Dist.] 1989, no pet.)
(holding accused has duty to file and present motion for new trial in order to have it considered
by the trial court.). There is no evidence in the instant record that the new trial motion was
presented to the trial court within ten days of its filing or that the trial court permitted it to be
presented and heard within the required seventy-five days. Appellant permitted his motion to be
overruled by operation of law. See Tex. R. App. P. 31(e)(3). The trial court did not err in
failing to conduct a hearing on the motion for new trial.