**Robert Lewis MOODY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 12–95–00048–CR.

Court of Appeals of Texas,
Tyler.

March 29, 1996.

Sharon Pruitt, Tyler, for appellant.

Ed Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

The Appellant, Robert Lewis Moody, was convicted by a jury of murder, and the jury assessed his punishment at forty years imprisonment. In a single point of error, Appellant claims the trial court erred in denying him an evidentiary hearing on his motions for new trial to allow him to present matters extrinsic to the record. We will **affirm**.

The record reflects that Appellant was sentenced on December 15, 1994. At trial, Appellant had retained counsel, but on January 11, 1995, the court appointed new counsel for appellate purposes. Appellant's new attorney filed a Motion for New Trial on January 17, 1995. Claiming ineffective assistance of counsel, Appellant alleged that his trial counsel allowed Walter L. Ray, Jr., to be placed on the jury even though he had testified in *voir dire* that he was acquainted with the victim. The motion was accompanied by the Appellant's affidavit wherein he set forth specific reasons for believing his counsel's assistance was ineffective. On the 26th day of January, 1995, Appellant's Motion for New Trial was denied by an order which read: "[A]fter hearing the *evidence and arguments of counsel*, the court finds that a new trial is not required." On the same date the court entered an order stating that "defendant may file an amended motion for new trial if filed by February 10, 1995, if defendant believes he has cause to do so." On February 10, 1995, Appellant filed his "Amended Motion to Set Aside Judgment and Order a New Trial," which again alleged the fact that Juror Ray had been allowed to serve on the jury. He additionally alleged that witnesses had observed Juror Ray talking with State's witnesses and members of the victim's family during the trial and that Appellant's trial counsel, when informed, failed to notify the court of the misconduct. From that point on, the orderly processes of the law became somewhat unraveled. We will set out what, from the record, appears to have happened.

Counsel for Appellant filed this Amended Motion for New Trial with supporting affidavits of Diane Hawkins and Robert Lewis Moody, Sr., paper-clipped to the motion. Counsel also wanted to attach an affidavit of Eric Hawkins, which was due to be faxed to her at the District Clerk's Office. At around 6:00 p.m., the affidavit had not arrived, and the office needed to be closed. However, the clerks agreed to leave the facsimile machine on to receive Hawkins' affidavit. It appears by the machine's notation on the paper that it was received at 6:32 p.m. that day. The paper-clipped affidavits of Diane Hawkins and Lewis Moody were placed in the court file on February 10, 1995, but were not file-marked. The Eric Hawkins affidavit was placed in the file on the next business day. The affidavit of Diane Hawkins, Appellant's aunt, states in relevant part as follows:

I was present during the trial of Robert Lewis Moody on December 13 through December 15, 1994. I was a witness for the defense. On the second day of trial, I saw Walter Ray, Jr., a juror for Robert Lewis Moody's trial, come through and speak to the victim's family during the trial, after the jury was released for the day.

The affidavit of Appellant's father, Lewis L. Moody, contains the following statement:

I was present during the trial of Robert Lewis Moody on December 13 through December 15, 1994. On the second day of trial, I saw Walter Ray, Jr. come through and speak to the victim's family during the trial, after the jury was released for the day. I asked James H. Verschoyle, Robert Moody's trial attorney, what could be done about it and I was told that since I did not hear what their conversation was about, ... that it would not do any good to bring it to the court's attention.

Mr. Verschoyle never advised the court that a juror was repeatedly talking with the victim's family.

The affidavit of Appellant's cousin, Eric Hawkins, stated:

On the second day of trial, I saw one of the jurors, a black male, with a cast on one leg, talking to another black male, who was a member of the victim's family. This conversation took place during a recess in the hallway outside the courtroom of the 241st

District Court across from the elevators on the second floor of the courthouse.

I did not hear the content of the conversation, but I saw the communication take place.

The transcript reveals that the trial court entered an order on the 15th day of February, 1995, denying Appellant's motion "[a]fter hearing the evidence and arguments of counsel ..."

Appellant's attorney alleged that while preparing the brief, she discovered that the affidavits in question were filemarked on February 16, 1995, one day after the trial court overruled the Amended Motion for New Trial. The Appellant then successfully petitioned this Court to order the trial court to hold an evidentiary hearing to determine the proper filemark date of the affidavits. The trial court held this evidentiary hearing on October 11, 1995, and entered the following findings concerning the filemarks:

> After reviewing the affidavits of Gale Turner, Edie Smith (court clerks), Sharon Pruitt (Appellant's counsel), and counsel, original filemark amended motion for new trial, the court hereby finds that the affidavits of Diane Hawkins and Robert Lewis Moody, Sr. were filed along with the motion on February 10, 1995, and not on February 16, 1995, as they were originally filemarked.

Further, the court found that the affidavit of Eric Hawkins was received by the District Clerk's Office on February 10, 1995, at 6:32 p.m. and was filemarked on February 13.

From the record, we conclude that all the affidavits which accompanied the Amended Motion for New Trial were in the file and that the court had considered them when he overruled the Amended Motion for New Trial as of February 15, 1995, although the affidavits were not officially filemarked until the following day. Thus the court was aware of the Appellant's claim in the Amended Motion for New Trial that members of his family observed Juror Ray talking to members of the victim's family just prior to the reading of the charge and presentation of the arguments in the punishment phase.

Appellant maintains he was denied an evidentiary hearing to present this evidence which would be outside or extrinsic to the record. Appellant's assertion is technically contrary to the order overruling the Amended Motion for New Trial, which reflects that the court heard evidence and argument of counsel on February 15, 1995. Because the State does not contest these allegations, we conclude that there was no evidentiary hearing.

■■■ Granting or denying motions for new trial rests within the discretion of the trial court, and appellate courts will ordinarily not reverse that decision unless it is shown the trial court abused this discretion. The rule also applies where the trial court denies the motion without an evidentiary hearing. *McIntire v. State*, 698 S.W.2d 652, 660 (Tex. Cr.App.1985); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd). When a party presents to the trial court a timely, verified motion for new trial which raises matters extrinsic to the record, the trial court abuses its discretion in denying a hearing on that motion. *McMillan v. State*, 769 S.W.2d 675, 676 (Tex.App.—Dallas 1989, pet. ref'd). Neither the Rules of Appellate Procedure nor the Code of Criminal Procedure requires a motion for a new trial to be verified or supported by affidavits. However, the courts have long held that when the grounds for a new trial are outside of the record, the movant must support his motion by his own affidavit or by the affidavit of someone with knowledge of the facts. *Bearden v. State*, 648 S.W.2d 688, 690 (Tex.Cr. App.1983).

■■■ It is generally presumed that a defendant is injured whenever an empaneled juror talks with an unauthorized person about the case. *Romo v. State*, 631 S.W.2d 504, 506 (Tex.Cr.App.1982); *see* TEX.CODE CRIM.PROC.ANN. art. 36.22 (Vernon 1981). Before this presumption applies, the defendant must establish that communication occurred, that it involved the specific case at trial, and that it was more than an innocuous, unrelated comment or exchange. *Chairs v. State*, 878 S.W.2d 250, 253 (Tex.App.—Corpus Christi 1994, n.p.h.). Here, the affidavits merely showed that Juror Ray briefly talked

to an unidentified member of the victim's family. Importantly, there is nothing in the record suggesting that an effort was made to question Juror Ray about the content of the conversation or that he refused to talk about it. The trial court had granted Appellant until February 10, 1995 to secure this information. There were no affidavits from jurors indicating that any juror misconduct occurred during the punishment phase of the trial. The trial court had admonished the jury not to speak to anyone about the trial except for casual greetings. There is nothing in the record to show that this meeting with members of the victim's family was more than a casual greeting.

▇ In further support of his point of error, Appellant argues that leaving Juror Ray on the panel in spite of his admission of acquaintance with the victim amounted to ineffective assistance of counsel. Juror Ray is a black person, as are Appellant and the victim. The record does not reflect how many black persons were on the jury. It could have been trial strategy to leave at least one black person on the jury. Appellant's counsel put a question mark beside Juror Ray's name on his jury list, so Appellant cannot say his counsel did not think about his decision to leave Juror Ray on the panel. Even Appellant's statement in the original Motion for New Trial, which was not included in the amended motion, never suggested that counsel did not confer with Appellant before the strikes were made or that Appellant wanted Juror Ray struck but counsel refused. *Chambers v. State,* 903 S.W.2d 21, 32–33 (Tex.Cr.App.1995). During *voir dire,* Juror Ray freely discussed the fact that he knew the victim. He assured both the State and the Appellant it would not affect his decision. Appellant has not shown how Juror Ray was prejudiced or biased, nor has he overcome the presumption that Juror Ray told the truth when he assured the court that he would not let his prior knowledge affect his ability to be fair and impartial.

▇ The proper standard of review to measure effectiveness of counsel during *voir dire* is whether Appellant has shown that counsel's performance fell below an objective standard of reasonableness and that but for

counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Chambers,* 903 S.W.2d at 32; *Jackson v. State,* 877 S.W.2d 768 (Tex.Cr.App.1994). As a reviewing court, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Chambers,* 903 S.W.2d at 33. We have reviewed the record and find no evidence of ineffective assistance of counsel.

In conclusion, we hold that the affidavit filed with the Motion for New Trial was insufficient to show specific reasonable grounds entitling the movant to a hearing. *Jordan v. State,* 883 S.W.2d 664 (Tex.Cr.App. 1994).

▇ In addition, the trial court did not err in failing to grant Appellant an evidentiary hearing based on the affidavits, even if they had been sufficient, since the motion for new trial was not properly presented to the trial court. Affidavits in themselves are not evidence. They must be introduced as such at a hearing on the motion. *Stephenson v. State,* 494 S.W.2d 900, 909 (Tex.Cr.App.1973). Tex.R.App.P. 31 makes clear the time frames and the accused's duty to file *and* present his motion for new trial in order to have the motion considered by the trial court:

RULE 31. MOTION—FILING,
PRESENTING AND
RULING

**(a) Time to File and Amend.**

(1) *To File.* A motion for new trial if filed may be filed prior to, or shall be filed within 30 days after, date sentence is imposed or suspended in open court.

(2) *To Amend.* Before a motion or an amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after date sentence is imposed or suspended in open court.

.   .   .   .   .

**(c) Time to present.**

(1) *In term of Court.* An accused shall *present* his motion for new trial to the court within ten days after *filing* it, unless in his discretion the trial judge permits it to be presented and heard within 75 days from after date sentence is imposed or suspended in open court.

. . . . .

**(d) Hearing.** The Court is authorized to hear evidence by affidavit or otherwise and to determine the issues.

**(e) Determination.**

(1) *Time to Rule.* The court shall determine a motion for new trial within 75 days after date sentence is imposed or suspended in open court.

(2) *Ruling.* The judge shall not sum up, discuss or comment on evidence in the case. The judge shall grant or refuse the motion for new trial.

(3) *Failure to Rule.* A motion not timely determined by written order signed by the judge shall be considered overruled by operation of law upon expiration of the period of time prescribed in section (e)(1) of this rule.

(Emphasis added.)

Here, there is no evidence Appellant timely presented either motion for new trial to the trial court. There is no proposed order attached to the motion either setting a date or requesting an evidentiary hearing on the motion. There was nothing in the record to put the trial judge on notice that Appellant desired a hearing to present evidence in support of his allegations. *See Green v. State,* 754 S.W.2d 687 (Tex.Cr.App.1988), *cert. denied,* 507 U.S. 1020, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993); *Enard v. State,* 764 S.W.2d 574 (Tex.App.—Houston [14th Dist.] 1989, no pet.). Since there is no evidence before this court that shows that Appellant presented his motion or in any way called upon the trial court to exercise his discretion permitting it to be presented and heard within 75 days from the date sentence was imposed as required by Rule 31(c) and 31(e)(1). Therefore, the trial court did not err in failing to conduct the hearing. *See Price v.*

*State,* 840 S.W.2d 694, 697 (Tex.App.—Corpus Christi 1992, pet. ref'd).

Because we find the affidavits factually insufficient to raise an issue of improper communication on Juror Ray's part and because Appellant failed to properly present or otherwise call the court's attention to his motion for new trial and request an evidentiary hearing, we hold that there was no abuse of discretion by the trial court in overruling the motion without an evidentiary hearing.

Appellant's point of error is overruled and the judgment of the trial court is **affirmed.**