Juan Francisco Garcia v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-019-CR

     JUAN FRANCISCO GARCIA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 10
Dallas County, Texas
Trial Court # MA99-71521-L
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Juan F. Garcia was convicted by a jury of the offense of assault and was sentenced
to one year confinement in the Dallas County Jail, probated for two years, and a five hundred
dollar fine. See Tex. Pen. Code Ann. § 22.01 (Vernon Supp. 2002). He appeals, alleging in
two points that the trial court erred in: (1) limiting his cross-examination of the complainant
concerning her possible motivation to fabricate the charges against him; and (2) permitting the
State to introduce evidence bolstering the complainant’s testimony. We will affirm.
      Appellant’s wife, Maria Garcia, testified that appellant assaulted her by hitting her in the face
during an argument concerning whether appellant was having an affair with another woman. 
Appellant argues in point one that the trial court impermissibly limited his cross-examination of
Ms. Garcia in three respects: (1) appellant was not permitted to “delve into” the fact that she had
given a number of prior statements; (2) he was not permitted to question her concerning her
knowledge that he would be deported if convicted; and (3) he was not permitted to explore the fact
that she had testified previously. In its reply brief, the State addresses only the second argument
concerning deportation consequences. The State’s lack of reply to the remaining issues might be
explained by appellant’s failure to provide record references in his brief directing us to where
those evidentiary limitations allegedly occurred. In any event, our ruling on point one turns on
appellant’s failure to provide an offer of proof showing the substance of the proffered testimony.
      The Sixth Amendment protects the defendant’s right to not only confront witnesses, but to
cross-examine them as well. See Davis v. Alaska, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39
L. Ed. 2d 347 (1974). Exposing a witness’s motivation to testify for or against the accused or the
State is a proper and important purpose of cross-examination. See Carpenter v. State, 979 S.W.2d
633, 634 (Tex. Crim. App. 1998). Here, appellant complains of several instances where the trial
court allegedly excluded probative evidence from the jury’s consideration. Appellant does not
direct us, however, to any portion of the record showing what the excluded testimony would have
been.



      Since appellant’s alleged error is predicated upon an exclusion of evidence (impeachment
testimony), he was required to have made an offer of proof of the proposed evidence in order to
preserve the issue for appellate review. See Tex. R. Evid. 103(a)(2); Love v. State, 861 S.W.2d
899, 903 (Tex. Crim. App. 1993). No offer of proof is present in the record.


 Appellant’s 
motion for new trial did not constitute an offer of proof because affidavits attached to motions for
new trial are not evidence. Moody v. State, 923 S.W.2d 689, 693 (Tex. App.—Tyler, 1996, no
pet.). Moreover, appellant’s motion for new trial fails as an offer of proof for the additional
reason that it was not supported by the required sworn affidavit. See Reyes v. State, 849 S.W.2d
812, 816 (Tex. Crim. App. 1993) (affidavit required as prerequisite for matters not already part
of record). Suffice to say, the motion for new trial filed by appellant in no way serves as evidence
supporting point one. Because appellant failed to make an offer of proof concerning the testimony
in question, point one is overruled.
      In his second point, appellant alleges the trial court erred when it permitted the State to
“bolster” Ms. Garcia’s testimony through the testimony of City of Dallas police officers. 
Appellant does not identify the specific testimony targeted by his complaint, and the State correctly
notes there was no bolstering objection made in the trial court. Error may not be predicated upon
a ruling which admits evidence unless a substantial right of the party is affected and a timely
objection or motion to strike appears of record, stating the specific ground of the objection, if the
specific ground was not apparent from the context. See Tex. R. Evid. 103(a)(1); Long v. State,
800 S.W.2d 545, 548 (Tex. Crim. App. 1990). Because the alleged error was not properly
preserved for appellate review, point two is overruled.
      The trial court’s judgment is affirmed.



                                                                   DAVID L. RICHARDS
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Richards (Sitting by Assignment)
Affirmed 
Opinion delivered and filed September 4, 2002
Do not publish
[CR25]