NUMBER 13-01-649-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

JAVIER MOYA CARRILLO,                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 92nd District Court
of Hidalgo County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Dorsey



Opinion by Justice Rodriguez

         Appellant, Javier Carrillo, was tried before a jury and convicted of murder. The
jury assessed a sentence of life imprisonment. The trial court has certified that this
case “is not a plea-bargain case, and the defendant has the right of appeal.” See Tex.
R. App. P. 25.2(a)(2). By three issues appellant contends: (1) the trial court
committed reversible error in instructing the jury on the definition of reasonable doubt;
(2) the trial court erred in failing to conduct a hearing on appellant’s motion for new
trial; and (3) appellant was deprived of his Sixth Amendment right to effective
assistance of counsel. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. JURY CHARGE
         In his first issue, appellant contends the trial court erred in submitting a charge
to the jury which included the Geesa instruction defining reasonable doubt. See Geesa
v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), overruled by Paulson v.
State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). 
A. Standard of Review
         When an appellant alleges jury charge error on appeal, we first must determine
whether there is any error in the charge. Hutch v. State, 922 S.W.2d 166, 170 (Tex.
Crim. App. 1996). If we conclude there is jury charge error, we must determine if the
error caused sufficient harm to warrant reversal. See Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000). The extent of harm requiring reversal is dictated by
whether the error was preserved. See id.; Escobar v. State, 28 S.W.3d 767, 777
(Tex. App.–Corpus Christi 2000, pet. ref’d). If the error in the charge was the subject
of a timely objection, then reversal is required if the error is calculated to injure the
rights of the defendant. Ovalle, 13 S.W.3d at 786; Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985); Escobar, 28 S.W.3d at 777. Where the defendant
failed to object to the error at trial, as in this case, we may reverse only if the record
shows that the error was so egregiously harmful that the defendant was denied a fair
and impartial trial. See Ovalle, 13 S.W.3d at 786; Almanza, 686 S.W.2d at 171;
Escobar, 28 S.W.3d at 777.
B. Reasonable Doubt Definition 
         In Geesa, the court of criminal appeals adopted a definition of reasonable doubt
and required that the definition be submitted to the jury in all criminal cases. Geesa,
820 S.W.2d at 162. However, in Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App.
2000), the court of criminal appeals overruled Geesa to the extent it required trial
courts to instruct juries on the definition of reasonable doubt. Id. at 573. The court
held that the better practice is to not give a definition of reasonable doubt at all to the
jury. Id. The court went on to hold that “if both the State and the defense were to
agree to give the Geesa instruction to the jury, it would not constitute reversible error
for the trial court to acquiesce to their agreement.” Id. 
         In this case, the trial court allowed the State and appellant to look over the
proposed jury charge and to make any objections, additions, deletions or changes. The
State approved the proposed charge. Appellant objected to several paragraphs of the
charge, but not to the reasonable doubt definition. The objections were denied and
the charge containing the Geesa definition was given to the jury. Appellant now
argues on appeal that because there is no affirmative agreement in the record, the
inclusion of the reasonable doubt definition is reversible error. We disagree. Because
appellant was given the opportunity to object to the inclusion of the reasonable doubt
definition and made no objection, we conclude appellant agreed with this portion of
the jury charge. Therefore, the trial court did not err in allowing the definition to
remain in the charge. 
         Moreover, even if we assume arguendo, it was error to include the definition,
appellant must show that he suffered egregious harm as a result of the error since he
did not object to the definition at trial. See Ovalle, 13 S.W.3d at 786; Almanza, 686
S.W.2d at 171; Escobar, 28 S.W.3d at 777. In Paulson, the court found that the
Geesa definition of reasonable doubt was repetitious, logically infirm, and if followed
would cause a jury never to convict anyone. Paulson, 28 S.W.3d at 572. It is
obvious the court believed the definition favored defendants because if the jurors were
to properly apply the Geesa definition, they would be less likely to convict. In re C.S.,
79 S.W.3d 619, 622 (Tex. App.–Texarkana 2002, no pet.). Therefore, because the
definition favored appellant at trial and he has not shown how the definition has
harmed him, we conclude appellant has not suffered egregious harm.
         Appellant’s first issue is overruled.
III. HEARING ON MOTION FOR NEW TRIAL 
         In his second issue, appellant contends the trial court erred in failing to conduct
a hearing on appellant’s motion for new trial. The State responds in part that appellant
was not entitled to a hearing because he did not timely present his motion to the trial
court. We agree.
A. Applicable Law
         To be timely, a motion for new trial must be filed within thirty days of the date
sentence was imposed or suspended in open court, and presented to the trial court
within ten days of filing or within seventy-five days if the trial court grants permission. 
Tex. R. App. P. 21.4, 21.6; Price v. State, 840 S.W.2d 694, 695 (Tex. App.–Corpus
Christi 1992, pet. ref’d). Filing of the motion alone is not sufficient to show
presentment. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). The
record must show the movant actually delivered the motion to the trial court or
otherwise brought it to the attention or actual notice of the trial court. Carranza v.
State, 960 S.W.2d 76, 80 (Tex. Crim. App. 1998). Timely presentment is required
before a trial court can proceed to the hearing and determination of a motion for new
trial. See Price, 840 S.W.2d at 697. 
B. Presentment of Motion for New Trial
         In this case, appellant’s motion for new trial was timely filed on August 30,
2001. The trial court never ruled on the motion and it was thereafter overruled by
operation of law. There is nothing in the record to indicate appellant delivered the
motion to the trial court or otherwise brought the motion to the court’s attention. 
Since there is no evidence that appellant presented his motion for new trial within ten
days or obtained permission to present it within seventy-five days, it was not properly
before the trial court. Price, 840 S.W.2d at 697. Therefore, we find the trial court
did not err by failing to conduct a hearing on appellant’s motion for new trial. 
         Appellant’s second issue is overruled.IV. INEFFECTIVE ASSISTANCE OF COUNSEL
         In his final issue, appellant contends he was deprived of his sixth amendment
right to effective assistance of counsel. The conduct appellant complains of can be
grouped into the following eight sub-issues: (1) counsel failed to file a Giglio motion;
(2) counsel failed to object to hearsay testimony during trial; (3) counsel failed to
object to officer’s opinion testimony; (4) counsel failed to object to and request a
limiting instruction as to extraneous offense evidence; (5) counsel failed to preserve
error after Diana DeLeon’s outbursts while testifying; (6) counsel failed to object to the
State’s improper closing argument; (7) counsel failed to object to testimony during the
punishment phase of trial; and (8) counsel failed to object to improper authentication
of the pen packet.
A. Standard of Review
         The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s Sixth Amendment right to counsel. See, e.g., Strickland
v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). Appellant has the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 434; Stone, 17 S.W.3d at
350. An allegation of ineffective assistance of counsel will only be sustained if it is
firmly founded and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). In assessing a claim of ineffective assistance of counsel, there is a
strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001). Also, in the absence of evidence of counsel’s reasons for the challenged
conduct, an appellate court will assume a strategic motivation and will not conclude
that the conduct was deficient unless the conduct was so outrageous that no
competent attorney would have engaged in it. See id.; Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999).
 
B. Ineffective Assistance
1. Failure to file Giglio motion
         Appellant complains trial counsel was ineffective because he did not file a Giglio
motion.


 However, the record is silent as to the reasons for counsel’s decision not to
file such a motion. Therefore, appellant has failed to rebut the presumption that this
was a reasonable decision. See Thompson, 9 S.W.3d at 814. Additionally, appellant
has not shown that filing a Giglio motion would have impacted the outcome of the
trial. See Strickland, 466 U.S. at 687. Appellant has therefore, failed to satisfy the
first and second prongs of the Strickland standard and is not entitled to relief on this
sub-issue.
2. Failure to object to hearsay testimony
         Appellant contends trial counsel was ineffective because he failed to object to
the testimony of Investigator Juan Valdez, Investigator Luis Morales, and Officer Roy
Edward Estrada as impermissible hearsay.


 However, even had counsel objected on
this basis, the testimony would have been admitted because it was not hearsay. 
Extrajudicial statements offered for the purpose of showing what was said rather than
for the truth of the matter stated therein does not constitute hearsay. Dinkins v.
State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). The testimony given by Valdez,
Morales, and Estrada was not offered to prove the truth of the matters asserted, but
to illustrate the steps of their investigation. See id. It did not matter whether the
statements offered were true or not. The testimony was relevant in understanding the
steps of the investigation leading to appellant’s arrest for murder. Since the failure of
trial counsel to object to admissible evidence does not constitute ineffective assistance
of counsel, see Gosch v. State, 829 S.W.2d 775, 784 (Tex. Crim. App. 1991), we
conclude appellant did not meet the first prong of the Strickland standard. 
         Likewise, appellant has not shown how the outcome of the trial would have
been different but for trial counsel’s failure to object to the complained of testimony. 
Strickland, 466 U.S. at 687. The record reveals the complained of testimony came
in at trial through other witnesses. Any error in the admission of hearsay testimony
would have been harmless in light of other properly admitted evidence proving the
same facts. Brooks v. State, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). 
Therefore, appellant has failed to meet the second prong of Strickland. 
         Appellant also complains that trial counsel was ineffective because he failed to
make hearsay objections to testimony given by several other witnesses. In particular,
he appears to complain about testimony by Oscar Silva and Consuelo Hernandez. 
These witnesses testified that several days before the murder, Arturo Mendoza, the
victim, told them that “you don’t know the piece of shit you have here. Because of
[DeLeon] they are going to shoot at us.” Appellant argues that this statement was
hearsay and not admissible to show Mendoza’s state of mind. We disagree.
         Rule 803(3) of the Texas Rules of Evidence provides an exception to the
hearsay rule for the declarant’s then existing “state of mind”:
A statement of the declarant’s then existing state of mind, emotion,
sensation, or physical condition (such as intent, plan, motive, design,
mental feeling, pain, or bodily health), but not including a statement of
memory or belief to prove the fact remembered or believed unless it
relates to the execution, revocation, identification, or terms of declarant’s
will.
  
Tex. R. Evid. 803(3). The statement by Mendoza reflected the anger he felt towards
DeLeon and the fear he felt for his family and himself. This anger and fear described
his emotional state or mental feeling at the time he made the statements. Dorsey v.
State, 117 S.W.3d 332, 341 (Tex. App.–Beaumont 2003, no pet. h.); McDonald v.
State, 911 S.W.2d 798, 806 (Tex. App.–San Antonio 1995, pet. dism’d). Therefore,
we find the statement complained of by appellant falls within this hearsay exception. 
Since this statement was admissible, counsel’s failure to object did not constitute
ineffective assistance. See Gosch, 829 S.W.2d at 784.
         Appellant next appears to complain that trial counsel failed to object to 
statements made by DeLeon regarding appellant’s alleged vandalism of a car. 
However, the record contains no evidence to rebut the presumption that the
challenged action might be considered sound trial strategy. See Garcia, 57 S.W.3d at
440. The testimony complained of was solicited by appellant’s own trial counsel and
we assume there was a strategic motivation behind counsel’s decision not to object. 
See id. Therefore, appellant has failed to establish by a preponderance of the evidence
that counsel’s performance was not reasonable. The first prong of the Strickland
standard has not been met.
         Finally, appellant complains that trial counsel was ineffective for failing to object
on hearsay grounds to Maria Ceballos’s testimony that Argentina Hernandez came
outside and warned her that appellant was mad and “had some pistols.” However, the
record reveals that evidence regarding appellant’s possession of a gun came in earlier
through the testimony of Evangelina Caballos. Because the same evidence was
admitted earlier, appellant has not shown how the outcome of the trial would have
been different but for trial counsel’s failure to object to this testimony. See Brooks,
990 S.W.2d at 287. Therefore, appellant has failed to meet the second prong of
Strickland. Appellant’s second sub-issue is overruled. 
3. Failure to object to officer’s opinion that appellant was guilty
         Appellant contends that trial counsel was ineffective for failing to object to
Investigator Valdez’s statement that “we believe Javier Carrillo did pull the trigger.” 
Appellant fails to show, however, that an objection to this statement would have
resulted in a different outcome at trial. See Strickland, 466 U.S. at 687. In light of
the substantial evidence presented incriminating appellant, this one statement would
have little impact on the jury’s determination. Therefore, appellant has failed to meet
the second prong of Strickland. Appellant’s third sub-issue is overruled.
4. Failure to object to and request a limiting instruction

         Appellant next contends that his trial counsel’s failure to object to extraneous
offense evidence and failure to request a limiting instruction as to this evidence
constituted ineffective assistance of counsel. However, the record is silent as to the
reasons for counsel’s decision not to object to the extraneous offense evidence or
request an instruction. To find that trial counsel was ineffective based on a record
silent as to why trial counsel conducted the trial as he did would call for speculation,
which we are not permitted to do. See Jackson, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994); Lozada-Mendoza v. State, 951 S.W.2d 39, 44 (Tex. App.–Corpus Christi
1997, no pet.). Because of the strong presumptions that trial counsel’s conduct falls
within the wide range of reasonable professional assistance and that such conduct
might be sound trial strategy, see Garcia, 57 S.W.3d at 440, we find appellant failed
to meet his burden of showing that his trial counsel’s assistance was ineffective. Sub-issue four is overruled.5. Failure to preserve error after DeLeon’s outbursts 
         Appellant contends trial counsel’s failure to preserve error after witness Diana
DeLeon’s outburst during trial constitutes ineffective assistance of counsel.


 Appellant
argues that when the initial outburst occurred, counsel objected but failed to ask for
a jury instruction to disregard the statement and did not request a mistrial. However,
appellant does not demonstrate how the result of his trial would have been different
but for trial counsel’s failure to preserve error. See Strickland, 466 U.S. at 687. 
From our review of the record, the only statement which we can conclusively
determine was heard by the jury was DeLeon’s first outburst of “Javi, why?” 
Considering all the evidence admitted against appellant, we cannot say that but for
trial counsel’s failure to request a jury instruction and preserve error, the outcome of
this case would have been different. Accordingly, we find appellant has not met his
burden of proving the second prong of Strickland. Sub-issue five is overruled.
6. Failure to object to State’s closing argument
         Appellant complains that counsel was deficient based on repeated failures to
object to the State’s closing argument. Proper jury argument must encompass one of
the following: (1) summation of the evidence presented at trial; (2) reasonable
deduction drawn from that evidence; (3) answer to the opposing counsel’s argument;
or (4) a plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim.
App. 2000) (citing McFarland v. State, 845 S.W.2d 824, 844 (Tex. Crim. App.
1992)). Specifically, appellant complains of four instances where trial counsel failed
to make objections to the jury argument by the State.
         First, appellant argues that counsel failed to object when the State waived a
subpoena in front of the jury and made reference to Sandra Garcia’s failure to testify. 
However, a review of the record shows that trial counsel did make an objection as the
State began its argument on this point. The objection was overruled and the State
continued with its argument. Since counsel did object, appellant has not met the first
prong of Strickland. 
         Appellant next contends trial counsel failed to object when the State argued that
appellant “wanted to take San Juana Hernandez or Janie with him by force.” 
Appellant argues there was no evidence presented at trial to support this statement 
and it was therefore improper. We find this statement by the State does not fall
within one of the permissible areas of argument and was improper. Appellant’s trial
counsel should have objected to this argument. However, appellant has failed to show
that, but for this error, the outcome would have been different. See Strickland, 466
U.S. at 687. Therefore, the second prong of Strickland was not satisfied. 
         Third, appellant contends it was improper for the State to make a plea to the
jury to “come back with a guilty” and “[b]ring justice to [the victim’s] family.” 
Appellant is correct in stating that an argument designed to induce the jury to convict
based upon a public or community sentiment is improper. However, we find the
State’s jury argument here is not in violation of this principle. The jury argument does
not make any reference to the demands or expectations of the community or any
particular group and is therefore not improper. See Jackson, 17 S.W.3d at 673. Trial
counsel was not ineffective for failing to object to a proper jury argument. 
         In his final argument, appellant contends trial counsel failed to object to the
portion of the State’s jury argument which indirectly commented on appellant’s failure
to testify. The jury argument complained of reads in relevant part:
Did he pull the trigger? We don’t know. Ask Arturo Mendoza. Did he
pull the trigger or did that other person? It doesn’t matter.

* * *
 
[Defense counsel] wants y’all to assume that he was inside the car the
whole time, that he pulled the trigger from there. We don’t know. What
if he got out of the car and pulled the trigger? What if that unidentified
person got out of the car and pulled the trigger? We don’t know. You
know who knows? Arturo Mendoza knows. Arturo Mendoza knows
exactly what happened. Arturo Mendoza would be able to tell you why
the bullet in his head came down through his shoulder, why the bullet on
this side of his neck came out this side of his shoulder going down.
 
         A comment by the prosecutor that refers to an accused’s failure to testify
violates the privilege against self-incrimination. Canales v. State, 98 S.W.3d 690, 695
(Tex. Crim. App. 2003) (citing Griffen v. California, 380 U.S. 609 (1965); Bustamante
v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)). To violate appellant’s rights,
the comment must clearly refer to the accused’s failure to testify, and it is not
sufficient if it “might be construed as an implied or indirect allusion.” Id. The
comment, when viewed from the jury’s perspective, “must be manifestly intended to
be or of such a character that the jury would necessarily and naturally take it as a
comment on the accused’s failure to testify.” Fuentes v. State, 991 S.W.2d 267, 275
(Tex. Crim. App. 1999) (quoting Banks v. State, 643 S.W.2d 129, 134-35 (Tex. Crim.
App. 1982)). An indirect or implied reference to an accused’s failure to testify does
not violate a defendant’s right to remain silent. See id.
         In reviewing the record and the context in which the statements were made, we
cannot conclude they were manifestly intended or would necessarily lead the jury to
believe that they were comments on appellant’s failure to testify. See id. The
comments did not clearly refer to appellant’s failure to testify, but merely suggested
that Mendoza may be the only one who knew exactly what happened as there were
no other known witnesses to the murder. The State’s comments did not violate
appellant’s right to remain silent, and therefore trial counsel was not ineffective. Sub-issue six is overruled.
7. Failure to object to testimony at punishment phase
         Appellant contends trial counsel also rendered ineffective assistance during the
punishment stage of trial. Appellant argues that counsel failed to object during the
victim impact testimony of Mendoza’s brother. However, the record is silent as to the
reasons for counsel’s decision not to object. Where the record is silent as to counsel’s
reason for failing to object, an appellant fails to rebut the presumption that this was
a reasonable decision. Thompson, 9 S.W.3d at 814. Sub-issue seven is overruled.
8. Failure to properly object to introduction of pen packet
         Appellant lastly contends trial counsel was ineffective for failing to object to the
improper authentication of the pen packet. However, appellant again does not
demonstrate how the result of his trial would have been different but for trial counsel’s
failure to object. Had trial counsel objected, the State could have presented additional
evidence properly authenticating the pen packet. Accordingly, we find appellant has
not met his burden of proving the second prong of Strickland. Sub-issue eight is
overruled.  
         Appellant’s final issue is overruled.
V. CONCLUSION
         Having overruled appellant’s issues, we affirm the judgment of the trial court.

                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Retired Justice Dorsey not participating.

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 8th day of January, 2004.