NUMBER 13-02-453-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JESUS DAVID SANCHEZ,                                                           Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 404th District Court
of Cameron County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo
                              Opinion by Chief Justice Valdez
         Appellant, Jesus David Sanchez, was convicted of aggravated sexual assault of
a child. In two issues, appellant contends (1) the trial court erred in allowing
numerous witnesses to testify as “outcry” witnesses under article 38.072 of the code
of criminal procedure, and (2) trial counsel provided ineffective assistance of counsel. 
We affirm.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of this Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         Out-of-court statements offered at trial to prove the truth of the matter asserted
are inadmissible hearsay unless the statements fall within a hearsay exception found
in the statutes or rules of evidence. See Tex. R. Evid. 802. Appellant’s first issue is
premised on article 38.072 of the code of criminal procedure, which provides an
exception to the hearsay rule, allowing testimony regarding a child abuse victim’s
initial outcry statement made to the first person eighteen years of age or older, other
than the defendant, to whom the child made a statement about the offense. See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2004). In this case, the State
designated the complainant’s mother, Leticia Romero, as its only “outcry” witness.
         First, appellant failed to make trial objections premised on the “outcry”
exception regarding any witness other than Ana Gabert, the complainant’s probation
officer. Therefore, any alleged errors regarding outcry testimony from any witness
other than Gabert were waived and appellant’s complaints were not preserved for
appellate review. See Tex. R. App. P. 33.1; Strong v. State, No. 13-02-542-CR, 2004
Tex. App. LEXIS 5107, *24 (Tex. App.–Corpus Christi June 10, 2004, no pet. h.);
Martinez v. State, 822 S.W.2d 276, 278-79 (Tex. App.–Corpus Christi 1991, no
pet.). 
         With respect to Gabert’s testimony, appellant objected on grounds that she had
not been properly identified as an outcry witness. Yet the State did not offer Gabert’s
testimony as outcry testimony. Instead, the State contended that Gabert’s testimony
was admissible to show a prior consistent statement by the complainant given that
appellant had vigorously attacked the complainant’s truthfulness and credibility in
cross-examination. The record fails to clearly reflect the trial court’s reasoning in
admitting Gabert’s testimony. 
         We conclude the trial court did not err in admitting Gabert’s testimony. Where
there were attempts to impeach the credibility of the complainant, testimony from
Gabert would not constitute hearsay because it related a prior consistent statement
made by the complainant, who was subject to cross-examination and whose prior
statement rebutted a charge of motive or recent fabrication. See Tex. R. Evid.
801(e)(1)(B); Long v. State, 821 S.W.2d 216, 217 (Tex. Crim. App. 1991) (citing
Grogan v. State, 713 S.W.2d 705, 710 (Tex. App.–Dallas 1986, no pet.)). Moreover,
the content of Gabert’s testimony was admitted elsewhere in the record through direct
testimony from the complainant.
         Further, even if the trial court had abused its discretion in admitting Gabert’s
testimony, we conclude that any such error did not affect appellant’s substantial
rights. Error may not be predicated on a ruling admitting or excluding evidence unless
a substantial right of the party is affected. See Tex. R. Evid. 103(a); Tex. R. App. P.
44.2(b). An appellant’s substantial rights are implicated “when the error had a
substantial and injurious effect or influence in determining the jury’s verdict.” King v.
State, 953 S.W.2d 266, 276 (Tex. Crim. App. 1997). A conviction should not be
overturned for such error if the Court, after examining the record as a whole, has fair
assurance the error did not influence the jury, or had but a slight effect. Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 
         After reviewing the record as a whole, we cannot conclude that the admission
of the complained of testimony had a substantial and injurious influence on the verdict. 
The victim’s mother testified that the complainant told her that appellant would take
the complainant to the store and, while driving, sit her “on top of him and he would
unzip his pants and make her sit and make her drive, supposedly teach her how to
drive.” The record reflects that both appellant and the complainant, who was nineteen
years old at the time of trial, provided conflicting testimony regarding the alleged
incidents of abuse. The jury was the sole judge of the weight and credibility of
witness testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Garza
v. State, 82 S.W.3d 791, 793 (Tex. App.–Corpus Christi 2002, no pet.). We overrule
appellant’s first issue. 
         In his second issue, appellant contends that trial counsel provided ineffective
assistance of counsel because he failed to object to the foregoing hearsay testimony
and because he failed to adequately question the venire members regarding their
knowledge of the complainant. In short, one of the complainant’s former teachers
served on the jury. 
         Strickland v. Washington, 466 U.S. 668 (1984), sets forth the proper standard
of review for effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999). Strickland requires a two-part inquiry. The defendant must first show that
counsel’s performance was deficient, i.e., that his assistance fell below an objective
standard of reasonableness. Thompson, 9 S.W.3d at 812. Second, the defendant
must further prove that there is a reasonable probability that, but for counsel’s
deficient performance, the result of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine confidence in the
outcome. Id. 
         The determination regarding whether a defendant received effective assistance
of counsel must be made according to the facts of each case. Id. An appellate court
looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness of counsel. Id.
          The appellant bears the burden of proving by a preponderance of the evidence
that counsel was ineffective. Id. at 813. There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance. Strickland,
466 U.S. at 689; see Davis v. State, 930 S.W.2d 765, 767 (Tex. App.–Houston [1st
Dist.] 1996, pet. ref’d). To defeat the presumption of reasonable professional
assistance, “any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.” McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (per curiam).
         Given the standard of review for effectiveness of counsel, appellant has not met
his burden to prove that trial counsel’s representation fell below an objective standard
of reasonableness. In the instant case, the record does not address counsel’s rationale
regarding the complained-of actions. Thus, the record is not sufficient to rebut
Strickland ‘s presumption that the challenged actions of trial counsel were the result
of “sound trial strategy.” See Strickland, 466 U.S. at 689. 
         Moreover, given the record evidence, appellant has failed to show there is a
reasonable probability that but for counsel’s allegedly deficient performance, the result
of the proceeding would have been different. Id. As discussed previously, the verdict
was supported by direct testimony from the complainant. In terms of appellant’s
allegations regarding an inadequate voir dire, we note that the contested juror, who
had previously taught the complainant and, at the time of trial, served as coach to the
complainants’ brother, notified the court and counsel as soon as he realized that he
knew the complainant. He was questioned by both the State and appellant’s trial
counsel, and repeatedly stated that he could be fair and impartial despite his
knowledge of the complainant. After the trial court allowed this juror to remain on the
jury, trial counsel specifically objected to proceeding with trial. Under these facts, we
cannot conclude that trial counsel offered ineffective assistance of counsel. See, e.g.,
Moody v. State, 923 S.W.2d 689, 693 (Tex. App.–Tyler 1996, no pet.) (refusing to
find ineffective assistance of counsel where venire member knew complainant).
Appellant’s second issue is overruled. 
         The judgment of the trial court is affirmed. 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
Do not publish.
Tex. R. App. P. 47.2(b). 
Memorandum Opinion delivered and filed
this 5th day of August, 2004.